Mr. Justice CLIFFORD
 

 delivered the opinion of the court.
 

 Exclusive original jurisdiction, in all matters and proceedings in bankruptcy, is conferred by the acts of Congress upon the District Courts, but in case of a vacancy in the office of a district judge, or in case the district judge shall, from sickness, absence, or other disability, be unable to act, the circuit judge may make all necessary rules and orders preparatory to the final hearing, and cause the same to be entered or issued, as the case may require, by the clerk of the District Court.
 
 †
 

 Certain occurrences, during the late civil war, so crippled the resources of the Bank of Louisiana that the directors became unable to comply with the requisitions of their charter. Proceedings were accordingly instituted by the attorney-general of the State, under the act “to provide for the •liquidation of banks,” in the proper court of the State, to forfeit the charter of the bank, and on the twentieth of May, 1868, a decree was entered in the case that the charter of the bank be declared forfeited, and that its affairs be liquidated according to law.
 

 Pursuant to that decree the appellants were appointed commissioners for that purpose, and the record shows that they accepted the trust, that they took the 'required oaths, that they gave the necessary bonds, that they entered upon the discharge of their duties, and that they continued to administer the affairs of the bank until the twentieth of May of the following year, when the appellees, or the first three named, filed a petition in the District Court for that district,
 
 *73
 
 praying that the bank and the said commissioners, in their character as such, might be declared a bankrupt, and that a warrant might issue to take possession of the estate of the bank in the hands of the commissioners.
 

 They represented in their petition that the bank and the commissioners had each, within six months preceding the date of the petition, committed an act of bankruptcy, that the corporation had for a long time suspended payment of its commercial paper, and that the commissioners had, within the same period, made certain payments, and transferred certain assets of the bank in payment of its debts, with intent to give a preference to certain creditors of the bank.. Special reference to the supplemental petition is Unnecessary, as the representations of the petition are substantially the same, and the two were heard together in the court below.
 

 Three several injunctions were granted in the case by the district judge sitting in bankruptcy, and on the eleventh of January, 1870, the District Court entered a decree that the bank was a bankrupt. Within ten days from the date of the decree a petition for a review of those orders and decrees was filed by the commissioners in the Circuit Court, under the second section of the Bankrupt Act, and the Circuit Court having first heard the parties, on the second of March, 1870, entered a decree affirming the orders and decrees of the District Court. Application was immediately made by the commissioners for an appeal to this court, which was refused by the circuit judge, but it was ultimately granted by one of the associate justices of this court, more than ten days, however, subsequent to the date of the decree of the Circuit Court.
 

 Seasonable application for the appeal having been made' and a sufficient bond tendered, the appellants contended, and still contend, that the appeal as subsequently allowed operated as a supersedeas from the date of the first application. Different views, however, were entertained by the district judge, and on the twenty-ninth of March, 1870, he passed an order directing the marshal to resume possession
 
 *74
 
 of all such portion of the assets of the bank as he had surrendered to the commissioners.
 

 Dissatisfied with that order the commissioners applied to the associate justice of this court assigned to that circuit to vacate that order and to enforce the supersedeas supposed to have been created by the appeal'as allowed in pursuance of the last application. His opinion was that the appeal, as allowed, related back to the date of the original application for the same to the circuit judge, and that it operated as a supersedeas, the same as it would have done if it had been granted within ten days from the date of the decree dismissing the petition for a review and affirming the decree adjudging the corporation a bankrupt.
 

 Influenced by those views he made a decree that all the orders in the cause subsequent to'the twenty-first of January, 1870, should be vacated and annulled, leaving the injunction of that date granted by the circuit judge in full force. Certain other orders, nevertheless, were subsequently made by the district judge; as, for example, he passed an order for the appointment of receivers, and another giving the appointees authority to pay rents, expenses, and charges incurred by them out of the funds of the bank. Special objection is made by the appellants to those orders as forbidden by the supersedeas-, but the main purpose of the appeal when taken was to reverse the decree of the Circuit Court- affirming the decree-of the District Court, and dismissing their- petition praying for a reversal of that decree.
 

 Since the appeal was entered the -appellees have filed a motion to dismiss the same, upon the -ground that no appeal lies to this court from a 'decree of the Circuit Court rendered in the exercise of the special jurisdiction conferred upon that court by the first- clause of the second section of the Bankrupt Act.
 
 *
 

 Circuit Courts have a general superintendence and jurisdiction, by virtue of that clause, of all cases and questions arising under that act, within and for the districts where the
 
 *75
 
 proceedings in bankruptcy are pending, and the provision is, that those courts may, upon bill, petition, or other proper process, of any party aggrieved, except when special provision is otherwise made, hear and determine the case (as) in a court of equity, but the next clause of the same section provides that the powers and jurisdiction thereby granted may be exercised either by said court or by any justice thereof, in term time or.vacation, and neither of the two clauses makes any provision for an appeal in any such case to this court, whether the case or question presented or involved in the bill, petition, or other proper process is submitted to the court or to a justice thereof, or whether the case or question is’ heard or determined in vacation or in term time.
 

 Apart from those two provisions the third clause of the section provides that Circuit Courts
 
 shall also have
 
 concurrent jurisdiction with the District Courts of
 
 all suits at law or in equity
 
 which may or shall be brought by
 
 the assignee
 
 in bankruptcy against any person claiming
 
 an adverse
 
 interest, or by
 
 such person
 
 against
 
 such assignee
 
 touching any property or rights of property'of such bankrupt transferable to or vested in such assignee.
 

 Controversies, in order that they may be cognizable under that clause of the section, either in the Circuit or District Court, must have respect to some property or rights of property of the bankrupt transferable to or vested in such assignee, and the suit, whether it be a suit at law 'or in equity,' must be in the name of oné of the two parties described in that clause and against the other. All three of those conditions must concur to give the jurisdiction, but where they all concur the party suing may, at his election, commence his suit either in the Circuit or District Court, and if in the latter, it is clear that the ease, when it has proceeded to final judgment or decree, niiay be removed into the Circuit Court for re-examination by writ of error, if it was an action at law, or by appeal if it was a suit in equity, provided the debt or damage claimed amounts to more than five hundred dollars, arid the writ of error is seasonably sued
 
 *76
 
 out and the plaintiff in error complies “ with the statutes regulating the granting of such suits,” or the appeal is claimed and the required notices are given within ten days from the judgment or decree.
 
 *
 

 Such a suit, however, by or against such assignee, or by or against any person claiming an adverse interest in any such property or rights of property, cannot be maintained in any court whatsoever unless the same shall be brought within two years from the time the cause of action, for or against such assignee,
 
 accrued;
 
 which shows very satisfactorily that the jurisdiction conferred by the third clause is other and different from the special jurisdiction and superintendence described in the first clause of the section.
 

 "Where such a suit, between such parties, touching such subject-matter, proceeds in a Circuit Court to a final judgment or decree, and the debt or damage claimed or the matter in dispute exceeds the sum or value of two thousand dollars, exclusive of costs, no doubt is entertained that the judgment or decree may be removed into this court for reexamination by writ of error, if the judgment was rendered in a civil action, or by appeal if the decree was entered in a suit in equity, as in other similar cases 'falling within the appellate jurisdiction of this court.
 
 †
 

 Creditors whose claims are wholly or in part rejected may appeal from the decision of the District Court to the Circuit Court of the same district, if the appeal is claimed and the required notices are given within ten days from the entry of the decree or decision, but the appellant in such a case is required to file in the clerk’s office a statement in writing of his claim, setting forth the same substantially as in a declaration for the same cause of action at law, and the assignee is required to plead or answer thereto in like manner, and like proceedings shall thereupon be had as in an action at law, except that no execution shall be awarded against the assignee for the amount of the debt found due to the creditor.
 

 
 *77
 
 Assignees, also, who are dissatisfied with the allowance of a claim preferred by a creditor, may also appeal from the decision of the District Court to the Circuit Court of the same district at any time within ten days from the entry of the decree or decision, but it is certain that neither the creditor nor the assignee can appeaTto this court from the decree of the Circuit Court in such a case, as the express enactment is that the final judgment of the court shall be conclusive and that the list of debts shall, if necessary, be altered to conform thereto.
 

 Confirmation of that view is also derived from the succeeding clause in the twenty-fourth section of the act, which provides that the prevailing party shall be entitled to costs, and that the costs, if they are recovered against the assignee, shall be allowed out of the estate of the bankrupt.
 
 *
 

 Authority is also given to any creditor opposing the discharge of
 
 a
 
 bankrupt to file a specification in writing of the grounds of his opposition, and the court in such case may,
 
 in its
 
 discretion, order any question of fact so presented to be tried at a stated session of the District Court; and the better opinion perhaps is that the trial contemplated by the section, if ordered, is a trial by jury.
 
 †
 

 Debts contracted by a debtor and provable under the Bankrupt Act, if the same amount to two hundred and fifty dollars, authorize the creditor or creditors to file a petition praying that the debtor may be adjudged a bankrupt, and the fortieth section of the same act provides that, upon the filing of the petition, if it appears that sufficient grounds exist therefor, the court shall direct the entry of an order requiring the debtor to appear and show cause, at a court of bankruptcy to be holden at a time specified in the order, why the prayer of the petition should not be granted. Prior to the return day of the order it is required that notice shall be given to the debtor, and the provision is that the court shall, if the debtor so demand on the same day, order a trial
 
 *78
 
 by jury, at the first term of the court at which a jury shall be in attendance, to ascertain the fact of such alleged bankruptcy.
 
 *
 

 Appellate jurisdiction, in its strictest sense, as exercised under the Judiciary Act, is certainly conferred upon the Circuit Courts in four, classes of cases by the express words of the Bankrupt Act, without any resort to construction: (1.) By appeal from the final, decree of .the District Courts in suits in equity commenced and prosecuted in the District Courts by virtue of the jurisdiction .created by. the third clause of.the second section of the''act. (2.) By write of error sued out to the District Court in civil actions finally decided by the District Courts, in the exercise of jurisdiction created by, the same clause of that section. (8.) By appeal from the decisions .of the District Courts rejecting wholly or in part the claim of a creditor, as provided in the eighth section of the act. (4.) By appeal from tbe decisions of the District Courts allowing such a claim when th§ same is opposed by the assignee.
 

 Appeals from the District Courts to the Circuit Courts are not allowed in any case unless the appeal is claimed and notice given thereof to the clerk of the District Court, to be entered in the record .of the proceedings, and also to the assignee, creditor,.or the proper party in equity, within ten days from the date, of the decision or decree, nor unless the appellant, at the time .of claiming the same, also gives bond in the manner required by law in case of such an appeal from a subordinate to an appellate tribunal.
 

 Whether a writ of error will lie from the Circuit Court to the District Court where the debtor opposes the petition that he may be adjudged a bankrupt, and the question whether he has committed an act of bankruptcy is tried by a jury, as provided in the forty-first section of the act, is pot a question involved in the case before the court. Nor is the question presented in the case whether a writ of error will lie from the Circuit Court to the District Court where an issue
 
 *79
 
 of fact is framed, as provided in the thirty-first section of the act, and the same is tried by a jury at a stated session of the District Court.
 

 Suffice it to say at this time that such cases, when tried by a jury, if the Circuit Court has any jurisdiction' upon, the subject, must be removed into the Circuit Court by a writ of error, as they, when tried by a jury, are excluded, from the special jurisdiction conferred in the first clause of the section, by the very words of the clause.. Where “special provision is otherwise made” the case is excluded from .the general superintendence and jurisdiction of the Circuit Court by the exception introduced, as a parenthesis, into the body of that part of the section.
 

 Special provision is made in such cases, within the meaning of that exception, when the case is tried by a jury, and there is not a word in the act having the slightest tendency to show that Congress intended that a fact found by a.jury in a District Court should be re-examined in a summary way by the Circuit Court, and it is not pretended that a party may appeal and be entitled'to a second trial by jury, unless the first verdict is set aside for error of law. Such cases may be tried by the District Court without a jury, and in that event.no doubt is entertained that the case is within the supervisory jurisdiction of the Circuit Court.
 

 Due notice was given to the bank of the petition filed in the Circuit Court that the corporation Bhould be adjudged a bankrupt, and the commissioners, as the legal representatives of the bank, appeared and made defence, but they did not demand in writing, or otherwise, a trial by jury, and the case was heard and determined by the court. Subsequent to the decree adjudging the bank a bankrupt, the commissioners presented a petition to the circuit judge, praying for a reversal of that decree, by virtue of the special jurisdiction conferred upon the Circuit Court in the first clause of the second section of the Bankrupt Act, and the petition was heard at chambers, and a decree was entered dismissing the petition, and affirming the decree of the District Court.
 

 
 *80
 
 Independent of the Bankrupt Act the District Courts possess'no equity jurisdiction whatever, as the previous legislation of Congress conferred no such authority upon those courts since the prior Bankrupt Act was repealed.
 
 *
 
 Whatever jurisdiction, therefore, they possess in that behalf is wholly derived from the Bankrupt Act now in force.
 

 Undoubtedly the jurisdiction conferred by the third clause of the second section is of the same character as that conferred upon the Circuit Courts by the eleventh section of the Judiciary Act, and it follows that final judgments in civil actions and final decrees in suits in equity rendered in such cases, where the sum or value exceeds two thousand dollars, exclusive of costs, may be re-examined in this court when properly removed here by writ of erfor or appeal, as required by existing laws.
 

 Concurrent jurisdiction with the District Courts of all suits at law or in equity are the words of that clause, showing conclusively that the jurisdiction intended to be conferred is the regular jurisdiction between party and party, as described in the Judiciary Act and the third article of the Constitution.
 

 Cases arising under that clause, where the amount is sufficient, are plainly within the ninth section of the Bankrupt Act, and as such may be removed here for re-examination, but the revision contemplated by the first clause is evidently of a special and summary character, substantially the same as that given in the prior Bankrupt Act, as sufficiently appears from the words “ general superintendence,” preceding and qualifying the word “jurisdiction,” and more clearly from the fact thatthe jurisdiction extends to mere questions as contradistinguished from j udgments or decrees as well as to cases, showing that it includes the latter as well as the former, and that the jurisdiction may be exercised in chambers as well as in court, and in vacation as well as in term time.
 

 Much stress was laid, in argument in support of the theory that an appeal will lie to this court from a decision of the Circuit Court rendered under the first clause of the second
 
 *81
 
 section, upon the fact that the case or question, as therein provided, may be heard and determined in a court of equity, as the phrase reads in the printed volume of the Statutes at Large, but that phrase, even if correctly printed, must be read and considered in connection with the succeeding clause, and when so read and considered it is plain that the meaning is the same as it would be if it read “ as a court of equity,” or “as in a court of equity;” that it merely prescribes the rule of decision by which the court is to be governed, and that it is entirely consistent with the subsequent clause before referred to, which provides that the ease or question may be heard and determined by a justice of the court as well as by the court, and in vacation as well as in term time, which is palpably inconsistent with the theory that Congress intended that an appeal from the decision of any case or question under the first clause should be allowed to this court.
 

 But the phrase “ hear and determine the ease in a court of equity,” as printed in the fourteenth volume of the Statutes at Large, is erroneously transcribed from the act of Congress as it passed the two Houses and was approved by the President. Correctly transcribed it reads “ hear and determine the case
 
 as in a. court of
 
 equity,” which shows, without any resort to construction, that all Congress intended by the phrase was, to prescribe the rule of decision, whether it was made in court or at chambers or in term time or vacation.
 

 Decrees in equity, in order that they may be re-examined in this court, must be final decrees rendered in term time, as contradistinguished from mere interlocutory decrees or orders which may be entered at chambers, or, if entered in court, are still subject to revision at the final hearing.
 

 Adopt the theory of the appellees and the proceedings in bankruptcy might be protracted indefinitely, as every question arising in the courts may be transferred first to the Circuit Court and then to this court, which would tend very largely to defeat all the beneficent purposes of the Bankrupt Act. For these reasons the appeal is
 

 Dismissed for want of jurisdiction..
 

 †
 

 14 Stat. at Large, 517; 16 Id. 174.
 

 *
 

 14 Stat. at Large, 618.
 

 *
 

 14
 
 Stat. at Large, 520.
 

 †
 

 14
 
 Stat. at Large, 521; 1 Id. 84.
 

 *
 

 14 Stat. at Large, 528.
 

 †
 

 14 Stat. at Large, 532; Gordon et al.
 
 v.
 
 Scott et al., 2 Bankrupt Register, 28 ; In re Eidom, 3 Id. 39; In re Lawson, 2 Id. 125.
 

 *
 

 14 Stat. at Large, 537.
 

 *
 

 Ex parte Christy, 8 Howard, p. 811.