## STICKNEY, ASSIGNEE, *v.* WILT.

1. A proceeding under the Bankrupt Act in which by petition in form, the assignee sets forth articulately that A., B , C., &c., claim liens against the bankrupt's estate, the validity of each of which liens he, the assignee, denies, and in which he prays that the parties setting up the liens may be made parties, and be required to answer, each of them, all his charges and allegations as made, and be compelled, each of them, to set forth and state in their respective answers the particulars and facts upon which their respective claims are based, and that on final hearing all questions and rights of each and all the parties may be ascertained and determined by the court, and that the petitioner be directed to sell the estate and distribute the proceeds ; and in which the assignee prays that he " may have such other and further relief in the premises, and may be further directed in his duties as the nature of the case requires ;" in which proceeding, the parties asserting the liens, answer in form, and the assignee replies. in form, is a " case in equity " within the eighth section of the Bankrupt Act, which gives an *appeal* to the Circuit Court in all cases in equity ; and is not a case for the general superintendence and jurisdiction by that court given in the second section of the act, in cases where no provision for the supervision of the Circuit Court is otherwise made.

2. The fact that a subpœna is not prayed for, does not change this view ; the defendants voluntarily appearing.

3. If such a case be taken into the Circuit Court under this general superintending jurisdiction given by the said second section, it is wrongly

taken. No jurisdiction exists there so to review the case. And no appeal lies to this court from the action of the Circuit Court made under such circumstances, to hear and determine the merits.

4. Where a case has been so taken, and the decision reversing the decree of the District Court is in favor of the party taking it, this court will reverse the judgment or decree of the court below, and remand the suit with directions to dismiss it.

5. But in the present case, where, owing to the lapse of time, the party who had the decision of the Circuit Court (reversing that of the District Court) against him, would be prevented from having, as matter of right, a review of the case by the Circuit Court on an appeal properly taken under the eighth section, this court thought it fitting to suggest that perhaps, on a proper application, the District Court would grant a review of the decree that *it* had rendered, which review, if granted, would lay the foundation, in case of an adverse decision, as before upon the merits, for an appeal in proper form to the Circuit Court.

APPEAL from the Circuit Court for the Northern District of Ohio; the case being thus:

By the Bankrupt Act it is thus in effect enacted:

"SECTION 1. That the several District Courts be . . . courts of bankruptcy, and shall have original jurisdiction in their respective districts in all matters and proceedings in bankruptcy. . . . And the jurisdiction shall extend to all cases and controversies arising between the bankrupt and any creditor who shall claim any debt or demand under the bankruptcy, to the collection of all the assets of the bankrupt; to the ascertainment and liquidation of the liens and other specific claims thereon; to the adjustment of the various priorities and conflicting interests of all parties; and to the marshalling and disposition of the different funds and assets, so as to secure the rights of all parties, and due distribution, &c.

"SECTION 2. That the several Circuit Courts . . . within and for the districts where the proceedings in bankruptcy shall be pending, shall have a *general superintendence and jurisdiction* of all cases and questions arising under this act; and *except where special provision is otherwise made,* may, upon *bill,* petition, or other proper process, of any party aggrieved, hear and determine the case [as] a court of equity.

"The powers and jurisdiction hereby granted may be exercised either by said court or by any justice thereof in term time or vacation.

" Said Circuit Courts shall also have concurrent jurisdiction with the District Courts of the same district of all suits at law or in equity which may be brought by the assignee in bankruptcy against any person claiming an adverse interest, or by such person against such assignee touching any property or rights of property of said bankrupt, transferable to or vested in such assignee.

" SECTION 8. That appeals may be taken from the District to the Circuit Courts in all cases in equity, and writs of error may be allowed to said Circuit Courts from said District Courts in cases at law, &c., when the debt or damages claimed amount to more than $500; and any supposed creditor whose claim is wholly or in part rejected, or an assignee who is dissatisfied with the allowance of a claim, may appeal from the decision of the District Court to the Circuit Court; but no appeal shall be allowed unless it is claimed and notice given, &c., *within ten days* after the entry of the decree or decision appealed from. No appeal shall be allowed unless the appellant shall give bond in manner now required by law.

" SECTION 9. That in cases arising under this act no appeal or writ of error shall be allowed in any case from the Circuit Court to the Supreme Court of the United States, unless the matter in dispute in such case shall exceed $2000."

In this state of statutory law, one Vandeveer having been decreed a bankrupt, in the District Court for the Northern District of Ohio, a certain Stickney, his assignee, filed a petition against him, Huss, Wilt, Paine, Adams, and two others, to determine whether certain claims set up as liens upon the bankrupt's estate were liens.

The petition set forth the decree of bankruptcy against Vandeveer. It then alleged:

1st. That at the time thereof he owned a tract of land which he had bought from Mrs. Adams, and that she set up a vendor's lien upon it; which lien the assignee alleged had no existence.

2d. That another tract which he owned purported to be incumbered by a mortgage to Paine to secure a note of $4000, but that no debt was due to Paine, and that the mortgage had no legal validity as against him the assignee.

3d. That he had given a note and mortgage to one Huss for $4000, which note and mortgage were never delivered to Huss, but were recorded by Vandeveer, at about the time of their execution, without the solicitation or knowledge of Huss, and that they were void.

4th. That the petitioner had been advised that one Wilt also claimed some kind of lien upon the said lands, but how or by means of what mortgage or otherwise the petitioner was not advised, but denied that any such lien or liens were so held or existed in favor of any person or persons whomsoever.

The petition prayed—

"That the parties above named, and each of them may be made parties defendant to this petition; that they and each of them be required to answer all and singular the charges and allegations aforesaid, and be also compelled to set forth and state in their respective answers hereto, each, the particulars and facts upon which any claim is made or based by such defendant or defendants; and that, on the final hearing hereof, all questions and rights of each and all the said parties may be ascertained and determined by this court, and that, by the order and judgment of this court, the petitioner be directed to sell the said lands and distribute the proceeds accordingly.

"And that the petitioner may have such other and further relief in the premises and may be further directed in his duties, as the nature of the case requires."

The petition did not pray for subpœna or other process.

Mr. and Mrs. Adams, as also Paine, waived it, however, and appeared. Wilt also appeared and answered.

Referring to the note and mortgage mentioned in the bill as given to Huss, and admitting their execution and record, Wilt alleged in his answer, that he, Wilt, afterwards became surety for Vandeveer, for $3260, and that in consideration of such suretyship, Vandeveer delivered the said note and mortgage to him, and that he had paid over $2000 on account of such suretyship.

The assignee replied, denying that Vandeveer delivered the mortgage to Huss, and that Wilt had become surety, and

denying payment by him, and all debt to him by Vander-veer, &c.

Upon the hearing of these issues, the District Court held, that the mortgage never took effect, and decreed accordingly in favor of the assignee in bankruptcy.

Wilt thereupon filed his petition in the Circuit Court of the district for a review and revision of this decree, under the first clause of the above-quoted section of the Bankrupt law, which gives to the Circuit Court a general superintendence and jurisdiction of all cases arising under the act.* He set up the same case in the Circuit Court which he had made in the District Court, and prayed a reversal, &c.

Without answering this petition, the assignee filed a plea to the jurisdiction of the court.

Upon the petition and plea the cause was heard, the petition sustained, and relief decreed as prayed for; that is to say, the lien claimed by Wilt was decided to be a good one.

The assignee hereupon appealed to this court as if thereto authorized by the act of Congress, allowing appeals in cases of equity and maritime jurisdiction,† which act enacts that from " all *final* decrees rendered in any Circuit Court in any cases of equity or admiralty jurisdiction, an appeal, where the matter in dispute, exclusive of costs, shall exceed the sum or value of $2000, shall be allowed to the Supreme Court of the United States, and that upon such appeal a transcript of the li' ɔl, bill, answer, *depositions, and all other proceedings, of what sort whatsoever*, shall be transmitted to the said court." The record in the case, as sent here, contained sufficient extracts from the record to understand the case, but did not comply literally with the act just quoted. This defect, however, was not alluded to at the bar.

*Mr. A. G. Riddle, for the appellant:*

1. The first and second sections of the Bankrupt Act seem to contemplate that as between the assignee, creditors, and others, questions may arise not falling strictly within

---

* See *supra*, pp. 151, 152.    † 2 Stat. at Large, 244.

the scope of an action at law or a "case in equity." For such cases they provide for a summary proceeding on application to the District Court, and in this class of cases the aggrieved party may have the case reviewed in the Circuit Court, "upon bill, petition, or other proper process."

That the instances where this review may be had are limited to this class is apparent, for this action can alone be had in cases not otherwise specially provided for; and "all suits at law or in equity" are specially provided for by the third clause of section two.

Clearly, the subject-matter of the proceeding in this case was one of purely equitable jurisdiction. The case was a "case in equity" such as is contemplated in section eight. An *appeal* to the Circuit Court from the decree of the District Court lay under section eight. But the decree of the District Court remaining unappealed from is conclusive. The decree of the Circuit Court must be reversed for want of jurisdiction in it to review the case otherwise than on appeal. The decree of the District Court will then stand; with a right to take an appeal under the eighth section, if the time of appeal has not passed.

This question is within *Smith* v. *Mason.*\*

*Mr. G. E. Seney, contra:*

The first question is as to the jurisdiction of the Circuit Court, but that is not, as the opposite counsel assume, the only question. There remains the question of the jurisdiction of this court to entertain the appeal, even if the Circuit Court had jurisdiction.

The argument made against the jurisdiction of the Circuit Court rests upon the assumption that this is a case in equity, and therefore that the proceeding is by bill in chancery.

But the proceeding was nothing more than an ancillary petition, in the ordinary form, for the purpose of obtaining an order for the sale of the bankrupt's estate. The adjustment of the liens is only *incidental* to the main object of the

---

\* 14 Wallace, 419.

petition, and preliminary to making the order of sale. The petition is like the petition of an administrator for an order to sell the decedent's lands for the payment of debts. Such a proceeding always involves the power to adjust and determine liens before ordering a sale. In the adjustment and determination of these liens, frequently important and difficult questions, involving legal and equitable principles, arise. Yet such a proceeding is not a case in equity.

The petitioner, the assignee in bankruptcy, as well as the District Court, treated the matter as a summary proceeding and not as a case in equity. No writ of subpœna was asked for, nor did one issue; nor was objection made by the court or the parties that the proceeding should be by bill in chancery, and not summarily upon petition.

The District Court has exclusive original jurisdiction of a proceeding asking for the sale of a bankrupt's estate, and the adjustment of the liens upon it, and no jurisdiction can be acquired by the Circuit Court on appeal.

The jurisdiction of the Circuit Court in this class of cases is conferred by that part of section two which gives to that court a general superintendence and jurisdiction of all cases and questions arising under the act, and authorizes it to hear and determine the case as a court of equity, upon the bill, petition, or other process of the party aggrieved.

This construction is held in *Morgan* v. *Thornhill*,* where the supervisory jurisdiction of the Circuit Court under section two extends to the decree of the District Court, adjudging the Bank of Louisiana a bankrupt, ordering a surrender of its property, and enjoining perpetually the State commissioners from the exercise of their functions under the laws of the State of Louisiana.

It is held again, in *Hall* v. *Allen*,† in a case of conflicting interests and disputed priorities between the individual and partnership creditors of a bankrupt.

It is held again, in *Mead* v. *Thompson*,‡ where this court decided that when a petition to the Circuit Court to re-ex-

---

* 11 Wallace, 65.       † 12 Id. 453.       ‡ 15 Id. 635.

amine a decree of the District Court in bankruptcy prays the court to "*review*" and reverse that decree, and " to grant such further order and relief as may seem just," the jurisdiction invoked must be regarded as the supervisory jurisdiction which is allowed to Circuit Courts acting as courts of equity, by the second section of the Bankrupt Act.

It is held yet again, in *Marshall* v. *Knox*,* where it was decided that under section two of the Bankrupt Act the revisory jurisdiction of the Circuit Court extends to the orders of the District Court, made in proceedings commenced by the assignee of a bankrupt, to recover property from a sheriff, who held it under legal process.

The principle established by these adjudications gave to the Circuit Court, in the case at bar, jurisdiction under section two to review the order of the District Court, adjusting the liens upon and directing a sale of the bankrupt's estate.

The counsel on the other side suppose that the question of the jurisdiction of the Circuit Court in this case is within the rule of *Smith* v. *Mason*. In that case the question was whether an assignee in bankruptcy, who claimed a fund as the property of his bankrupt which was held and claimed *absolutely* by a third party, under a transfer made before the adjudication in bankruptcy, must proceed against such party summarily under section one of the Bankrupt Act, or by suit at law or in equity, under the third clause of section two.

The court held that inasmuch as the *absolute* title to the fund was the subject-matter of the controversy, the case was that of " an assignee in bankruptcy against a person who made an adverse claim to property transferable to or vested in the assignee," under the third clause of section two, of which the Circuit Court had concurrent jurisdiction with the District Court, and that the proceeding in such case must be as that clause expressly requires, a suit at law or in equity.

The case above mentioned, and others which may arise

* 16 Wallace, 552.

under the third clause of section two, are to be distinguished from proceedings under the first section, which, like the one at bar, are within the exclusive original jurisdiction of the District Court, and which invoke only the powers of that court in ordering the sale of a bankrupt's land and in ascertaining and adjusting the conflicting claims of lienholders.

2. There remains now another question, and that is as to the jurisdiction of this court, assuming that the Circuit Court had a right to exercise supervisory jurisdiction.

We deny this jurisdiction and assert that the appeal should be dismissed.

It will be conceded as of course that if the Circuit Court had no jurisdiction no appeal lies from its judgment.

But even if the Circuit Court had jurisdiction, under the second section of the Bankrupt Act, then on the authority of the cases already cited,* no appeal lies to the Supreme Court.

Mr. Justice CLIFFORD, having stated the case, delivered the opinion of the court.

Two principal objections are taken to the proceedings, as tending to show that this court has no jurisdiction to hear and determine the case under the powers conferred by the Bankrupt Act:

1st. Because the original pleading in the District Court is a suit in equity, commenced under the third clause of the second section of the Bankrupt Act, which could only be removed into the Circuit Court by appeal, as provided in the eighth section of that act.

2d. Because an appeal will not lie from the Circuit Court to this court, from the decree of the Circuit Court rendered in a petition of review, filed under the supervisory jurisdiction conferred upon the Circuit Courts by the first clause of the second section of the said Bankrupt Act.

1. Concurrent jurisdiction with the Circuit Courts is con-

---

* Morgan *v.* Thornhill, 11 Wallace, 65; Hall *v.* Allen, 12 Id. 452; Mead *v.* Thompson, 15 Id. 551.

ferred upon the District Courts of all suits at law or in equity, which may or shall be brought by the assignee in bankruptcy against any person claiming an adverse interest, or by such person against such assignee, touching any property or rights of property of such assignee, transferred to or vested in such assignee, by virtue of the fourteenth section of the act providing for such transfers.

Rights of property were claimed in these lands by the appellee, and the suit in this case was commenced in the District Court contesting that claim, which is plainly a subject-matter cognizable under that provision; nor is it any argument against that theory that the first pleading in the District Court is, in form, a petition, as suits at law and in equity, in many jurisdictions, are commenced in that form of pleading. Beyond all doubt the petition contains every requisite of a good bill in equity, whether the pleading is tested by the statement of the cause of action, or by the charging part of the bill, or by the prayer for relief, and if it be suggested that it contains no prayer for process, the answer to the objection is a plain one, to wit, that three of the parties respondent appeared and waived the issuing and service of process, and that the appellee voluntarily appeared and filed an answer.

Nor is it any valid objection to that view that the Circuit Court, under the supervisory clause of the second section, may, in certain cases, proceed by bill, petition, or other proper process, as the power conferred by that clause does not extend to any case or question "otherwise provided for," by any special provision, especially as it is clear that cases arising under the third clause of that section, where the debt or damages claimed amount to more than five hundred dollars, may be appealed from the District Court to the Circuit Court for the same district.*

Special provision, therefore, is made for the removal of such a case into the Circuit Court, and inasmuch as the case is made the subject of such special provision, it follows, be-

---

* 14 Stat. at Large, 520.

yond peradventure, that it does not fall within the supervisory jurisdiction conferred upon the Circuit Courts by the said first clause of the second section.

2. Much discussion of the second question is unnecessary, as the justices of this court are unanimously of the opinion that the question is settled in the negative by the prior decisions of this court.*

Even a slight examination of that case will be sufficient to convince any inquirer that the question under consideration was directly presented for decision in that case, and it is equally certain, in the judgment of the court, that it was expressly decided without any qualification whatever. Attempts have since been made to induce the court to give its sanction to certain alleged exceptions to the rule, but the court has in every such case refused to countenance any such theory.†

Controversies, in order that they may be cognizable in the Circuit or District Court, under the third clause of the second section of that act, must have respect to some property or rights of property of the bankrupt transferable to, or vested in such assignee, and the suit, whether it be a suit at law or in equity, must be in the name of one of the two parties described in that clause and against the other, no matter whether they are citizens of the same State or not, as the jurisdiction is conferred by the Bankrupt Act and depends upon the conditions therein prescribed.

Final judgments and decrees in such cases rendered in the Circuit Court, if the matter in dispute exceeds the sum or value of two thousand dollars, may be removed into the Supreme Court for re-examination, as provided in the twenty-second section of the Judiciary Act.‡

Such judgments and decrees, however, in order that they may be re-examinable in this court, must be final judgments

---

* Morgan *v.* Thornhill, 11 Wallace, 72.

† Hall *v.* Allen, 12 Wallace, 452; Smith *v.* Mason, 14 Id. 419; Marshall *v.* Knox, 16 Id. 556; Knight *v.* Cheney, 5 National Bankrupt Register, 309; Insurance Co. *v.* Comstock, 16 Wallace, 258; Coit *v.* Robinson, 19 Id. 274.

‡ 1 Stat. at Large, 84.

or decrees, rendered in term time, as contradistinguished from mere interlocutory judgments or decrees or orders which may be entered at chambers, or if entered in court are still subject to revision before the final disposition of the cause.

Prior to the passage of the Bankrupt Act the District Courts possessed no equity jurisdiction whatever, but it is undoubtedly true that those courts do now possess concurrent jurisdiction with the Circuit Courts in the cases specified in the third clause of the second section of that act, and that final decrees rendered by those courts in such cases, where the debt or damages claimed amount to more than five hundred dollars, may be removed by appeal into the Circuit Court for re-examination. Doubt upon that subject cannot be entertained, and it is equally certain that a final decree rendered in the Circuit Court in such a case, whether originally brought there, or removed there by appeal from the District Court, may be removed by appeal into this court for re-examination, provided the appeal is perfected as required in the acts of Congress allowing appeals in cases of equity and of admiralty and maritime jurisdiction.* Nothing of the kind was done in this case, as appears by the record.

Sufficient has already been remarked to show that the proceeding to revise the decree of the District Court was instituted and prosecuted throughout under the first clause of the second section of the Bankrupt Act, which confers upon the Circuit Courts merely a supervisory power over the proceedings of the District Courts in bankruptcy, and which the Circuit Courts may exercise in term time or vacation, and the provision is that the jurisdiction shall extend to questions, as well as cases, arising under the Bankrupt Act, except where provision is otherwise made. Special provision is otherwise made for appeals in cases like the one before the court, and it necessarily follows that the case is not one falling within the power conferred upon the Circuit Courts by the first clause of the second section of that act.

---

* 2 Stat. at Large, 244; 1 Id. 84.

Where both the Circuit Court and this court are without jurisdiction it is in general irregular to make any order or decree in the case, except to dismiss the suit, but that rule does not apply to a case where the Circuit Court renders a judgment or decree in favor of the party instituting the suit, but in such a case the court here will reverse the judgment or decree in the court below, and remand the cause with directions to dismiss the suit.

Unless the practice were as explained great injustice would be done in all cases where the judgment or decree is in favor of the plaintiff or petitioner, as he would obtain the full benefit of a judgment or decree rendered in his favor by a court which had no jurisdiction to hear and determine the controversy.*

Want of jurisdiction to hear and determine the merits in such a case does not show that this court may not correct the erroneous judgment or decree of the Circuit Court, but if the Circuit Court is also without jurisdiction this court cannot direct a new trial or a new hearing, as it may do in a case where the want of jurisdiction in this court is occasioned by a mistrial in the court below, which has led to an erroneous removal of the cause from the Circuit Court into this court, as by appeal instead of a writ of error, or by a writ of error, when it should have been by appeal.†

Cases wrongly brought up, it may be admitted, should, as a general rule, be dismissed by the appellate tribunal, but a necessary exception exists to that rule where the consequence of a decree of dismissal will be to give full effect to an irregular and erroneous decree of the subordinate court in a case where the decree is entered without jurisdiction, and in violation of any legal or constitutional right. Rules of practice are established to promote the ends of justice, and where it appears that a given rule will have the opposite effect, appellate courts are inclined to regard the case as one of an exceptional character. Such courts, where there is no de-

---

* United States, Lyon et al. *v.* Huckabee, 16 Wallace, 435.

† Morris's Cotton, 8 Wallace, 512; Mail Company *v.* Flanders, 12 Id. 135.

fect in bringing up a cause, usually affirm or reverse the judgment or decree of the subordinate court, but cases occasionally arise in which the proceedings in the lower court are so irregular that a mere affirmance or reversal upon the merits would work very great injustice, and in such cases it is competent for the appellate court to reverse the judgment or decree in question and to remand the cause with such directions, if it be practicable, as will do justice to both parties.    Instances of the kind are numerous in the decisions of this court, nor is there much difficulty in accomplishing the end in view in a case where the subordinate court has jurisdiction of the subject-matter, and the right to a new appeal or writ of error is not barred by lapse of time.*

Difficulties of the kind frequently occur in cases of seizures, as the District Courts have often failed to distinguish between seizures on land and seizures on navigable waters, sometimes trying the latter as a common-law action, and sometimes trying the former as an instance cause.    Mistakes of the kind have also been made in libels of information filed under the confiscation acts passed by Congress.    Errors of the kind, when they have seasonably come to the knowledge of this court, have uniformly been corrected, as far as it is in the power of this court to afford a remedy.    Serious embarrassment often arises in such cases where it appears that the subordinate court is also without jurisdiction, but that difficulty does not prevent this court from assuming jurisdiction, on appeal, for the purpose of reversing the judgment or decree rendered in such subordinate court, in order to vacate the same, when rendered or passed without authority of law.

Where the court below has no jurisdiction of the case in *any form* of proceeding, the regular course, if the judgment or decree is for the defendant or respondent, is to direct the

---

* Barnes *v.* Williams, 11 Wheaton, 415; Suydam *v.* Williamson, 20 Howard, 441; Carrington *v.* Pratt, 18 Id. 68; Prentice *v.* Zane, 8 Id. 484; Montgomery *v.* Anderson, 21 Id. 388; Mordecai *v.* Lindsay, 19 Id. 200.

cause to be dismissed, but if the judgment or decree is for the plaintiff or petitioner, as in this case, the court here will reverse the judgment or decree and remand the cause with proper directions, which in the case supposed must be to dismiss the writ, libel, or petition, as the subordinate court cannot properly hear and determine the matter in controversy.*

Viewed in the light of these suggestions it is quite clear that the decree of the Circuit Court rendered under the petition of review, must be reversed, and inasmuch as the Circuit Court has no jurisdiction of the subject-matter in that form of proceeding, and that it is now too late to take an appeal from the District Court to the Circuit Court, the cause must be remanded with directions to dismiss the petition.

Unable to refer the appellee to any legal remedy as matter of right, under the present pleadings, it seems to be proper, in the judgment of the whole court, to suggest that it may be that the District Court will grant a review of the decree rendered in that court, if a proper application is presented for that purpose, which would lay the foundation, if it be granted, in case of an adverse decision upon the merits of the case, for a regular appeal to the Circuit Court.

DECREE REVERSED without costs, and the cause REMANDED with directions to dismiss the petition

FOR WANT OF JURISDICTION.

---

* Insurance Company *v.* United States, 6 Wallace, 760; Armstrong's Foundry, 6 Id. 769; United States *v.* Hart, 6 Id. 772; The Caroline, 7 Cranch, 500; The Sarah, 8 Wheaton, 394.