In re WRIGHT et al.

(District Court, D. Massachusetts. October 4, 1899.)

No. 454.

BANKRUPTCY—TIME FOR APPEAL—REHEARING.

When the district court, in a controversy between a trustee in bankruptcy and a creditor of the estate, has rendered a decree on the merits adverse to the trustee, and the latter, without culpable neglect, has lost his right of appealing therefrom by the expiration of the time limited by Bankruptcy Act, § 25a, the district court may grant a rehearing, on his petition filed thereafter, for the purpose of reviving his right of appeal.

In Bankruptcy. On petition for a rehearing. For former opinion of the court, see 95 Fed. 807.

Thatcher B. Dunn and James A. Stiles, for trustee in bankruptcy.
George S. Taft, for Worcester county.

LOWELL, District Judge. In this matter the court rendered a decision July 21, 1899, and the decree was entered on that day. The questions involved were important, the sum of money involved was considerable, and an appeal by the unsuccessful party was expected. Owing to a series of mishaps, which it is not necessary to rehearse, no appeal was taken by the trustee within the 10 days mentioned in section 25a of the bankruptcy act. The court is satisfied that the delay was not caused by the culpable neglect of the trustee or his counsel. As soon as might be after the expiration of the 10 days, the trustee filed in this court a petition for a rehearing, avowedly with the object of regaining by means of a rehearing the right of appeal which he had lost by the expiration of time. The court is satisfied with its original decision upon the merits of the case, and will not grant a rehearing in order to give those merits further consideration. To grant a rehearing upon the pretense

of reconsidering the merits of the case, but really to revive the petitioner's right of appeal, would be the employment of an unworthy fiction. The record should show the true purpose for which the rehearing was sought and granted. On the other hand, if it is within the power of this court to revive the petitioner's right of appeal by granting a rehearing expressly for that purpose, the court is disposed to take appropriate action to that end. The question presented, therefore, is this: Can the district court grant a motion for a rehearing filed after the expiration of 10 days from the date of the decree involved? The question just put seems to be decided in favor of the court's jurisdiction in Stickney v. Wilt, 23 Wall. 150, 164. In that case a party filed his petition in the circuit court for the review of a decree of the district court in bankruptcy. The circuit court decided in his favor, and the other party appealed to the supreme court, which decided that the proper remedy for an erroneous judgment of the district court concerning the matter in question was by appeal to the circuit court, and not by petition for review and revision. The supreme court therefore remanded the case to the circuit court with directions to dismiss the petition for review. The decision of the supreme court was rendered after the time allowed for an appeal from the district court to the circuit court; but, in delivering the opinion of the supreme court, Mr. Justice Clifford said:

"Unable to refer the appellee to any legal remedy as matter of right, under the present pleadings, it seems to be proper, in the judgment of the whole court, to suggest that it may be that the district court will grant a review of the decree rendered in that court, if a proper application is presented for that purpose, which would lay the foundation, if it be granted, in case of an adverse decision upon the merits of the case, for a regular appeal to the circuit court."

From this remark it seems to follow that the supreme court considered that the district court would be justified in granting a review of its own decree for the purpose of allowing that decree to be appealed from, although the application for review was presented after the time for appeal had expired. The trustee's petition for a rehearing, which may be treated as a petition for review, is granted as of this date. On October 10, 1899, let a decree be entered allowing proof of the claim of the county of Worcester as a debt entitled to priority.