### In re STEARNS & WHITE CO.

### STEARNS & WHITE CO. v. LEE.

(Circuit Court of Appeals, Seventh Circuit. January 5, 1924. Rehearing Denied February 8, 1924.)

#### No. 3292.

1. Bankruptcy ⬳11—Jurisdiction of bankruptcy court derived solely from act.
   A bankruptcy court has no equitable jurisdiction independent of that conferred by the Bankruptcy Act.

2. Bankruptcy ⬳342—After expiration of 10 days, District Court is without jurisdiction to set aside judgment allowing claim, except for cause.
   Judgments that may be appealed from under Bankruptcy Act, § 25a (Comp. St. § 9609), are final judgments, and after the time for appeal has expired, unless a petition for reconsideration has been filed within the 10 days a judgment allowing a claim cannot be set aside, except on reconsideration for cause, under section 57k (Comp. St. § 9641).

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the Matter of the Stearns & White Company, bankrupt. From a judgment confirming order of referee allowing the claim of Charles H. H. Lee, bankrupt appeals. Appeal dismissed.

Robert McMurdy and Howard M. Harpel, both of Chicago, Ill., for appellant.

Charles Dickerson, of Aurora, Ill., for appellee.

Before BAKER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. This is an appeal under section 25a of the Bankruptcy Act (Comp. St. § 9609). On July 11, 1922, after an extended hearing, the referee allowed appellee's claim for $17,056.96. On February 3, 1923, the court entered an order denying the bankrupt's petition for a review. On February 28, 1923, in a little different language, the court again denied the petition for a review. Appeal was prayed and allowed, but not perfected.

On April 12th, the bankrupt moved "to vacate orders of February 3d and 28th, enter new order in re claim of Chas. H. H. Lee, allow appeals and supersedeas, approve appeal bond and issue citation, etc." Thereupon the following order was made:

"Orders of February 3d and 28th vacated petn. of Stearns & White to review order of F. L. Wean, referee, of July 11, 1922, denied and order of referee affirmed."

Therefrom the present appeal was taken, and the question here is on a motion to dismiss for the reason that when the appeal was allowed the court was without jurisdiction to make such an order.

It is conceded that an appeal from the allowance or disallowance of a claim must be taken, under section 25a, within 10 days from the entry of the order appealed from. The question as to what control a court of bankruptcy has over its orders has been frequently before the courts. The Congress used the existing federal courts for the administration of the Bankruptcy Law. In a general way, jurisdiction under the Bankruptcy Act of 1867 was similar to that under the present act, and the language of the court in Lathrop v. Drake, 91 U. S. 516, 23 L. Ed. 414, is pertinent here. Speaking of the jurisdiction of the District Court in bankruptcy matters under the act of 1867 (14 Stat. 517), the court said:

"But the enacting clauses which confer this jurisdiction" on appeal "make such direct reference to the jurisdiction of the District Court that it is necessary first to examine the latter jurisdiction. Of this there are two distinct classes: First, jurisdiction as a court of bankruptcy over the proceedings in bankruptcy initiated by the petition, and ending in the distribution of assets amongst the creditors, and the discharge or refusal of a discharge of the bankrupt, secondly, jurisdiction, as an ordinary court, of suits at law or in equity brought by or against the assignee in reference to alleged property of the bankrupt, or to claims alleged to be due from or to him."

These two jurisdictions are clearly retained in the present law, where the first is designated as proceedings in bankruptcy and the latter as controversies arising in bankruptcy proceedings.

[1] The jurisdiction of the bankruptcy court under each Bankruptcy Act has been derived wholly from the provisions of the act, and

the court has no equitable jurisdiction independent thereof. Ex parte Christy, 44 U. S. (3 How.) 292, 311; Morgan v. Thornhill, 78 U. S. (11 Wall.) 65, 78, 20 L. Ed. 60. Concerning the administration of estates in bankruptcy the Supreme Court has said:

"A proceeding in bankruptcy from the time of its commencement, by the filing of a petition to obtain the benefit of the act, until the final settlement of the estate of the bankrupt, is but one suit. The District Court, for all the purposes of its bankruptcy jurisdiction, is always open. It has no separate terms." Sandusky v. National Bank, 90 U. S. (23 Wall.) 289, 292, 23 L. Ed. 155.

And again, in the same case, it said:

"Its proceedings in any pending suit are, therefore, at all times open for re-examination upon application therefor in an appropriate form. Any order made in the progress of the cause may be subsequently set aside and vacated upon proper showing made, provided rights have not become vested under it which will be disturbed by its vacation. Applications for such re-examination may be made by motion or petition, according to the circumstances of the case. Such a motion or petition will not have the effect of a new suit, but of a proceeding in the old one."

That meant that, from the beginning to the close of a proceeding in bankruptcy, the court, under the act of 1867, had, as to the matter there involved, the same control over its orders that a court having terms has during the term at which an order is entered, viz.:

"During the term the record is 'in the breast of the court' and may be altered during that time in its discretion as justice may require." So. Utah Mines v. Beaver County, 262 U. S. 325, 330, 43 Sup. Ct. 577, 578 (67 L. Ed. 1004.)

Comparing the acts of 1867 and 1898, we find important parallels, as well as important differences. In Morgan v. Thornhill, supra, the court said:

"Appellate jurisdiction * * * is certainly conferred upon the Circuit Courts in four classes of cases by the express words of the Bankrupt Act" of 1867, "without any resort to construction: (1.) By appeal from the final decree of the District Courts in suits in equity commenced and prosecuted in the District Courts by virtue of the jurisdiction created by the third clause of the second section of the act. (2.) By writs of error sued out to the District Court in civil actions finally decided by the District Courts, in the exercise of jurisdiction created by the same clause of that section. (3.) By appeal from the decisions of the District Courts rejecting wholly or in part the claim of a creditor, as provided in the eighth section of the act. (4.) By appeal from the decisions of the District Courts allowing such a claim when the same is opposed by the assignee."

The appeal (1) and the writ of error (2) mentioned are provided for in the first paragraph of section 8, Act of 1867, and in section 24a, Act of 1898. The appeals (3) and (4), referred to, are covered by the second paragraph of section 8, Act of 1867, and by section 25a, Act of 1898. Under section 8, Act of 1867, an appeal was allowed within ten days from the action of the court on the allowance of a claim, whereas, under section 25a, not only the right of appeal from the action on the allowance of a claim was limited to 10 days, but the right of appeal from the order of adjudication and the order of discharge was likewise limited.

In the Sandusky Case, the question for review was upon an adjudication of bankruptcy. If the question had arisen as to the right of the District Court to review its judgment on the allowance or disallowance of a claim, where the 10 days' time for appeal under the statute of 1867 had expired, without appeal, it is probable that question would have been decided otherwise. Stickney v. Wilt, 90 U. S. (23 Wall.) 150, 23 L. Ed. 50. Under the present act there is an express limitation in the grant of power to the bankruptcy court to deal with claims that have once been allowed, viz., section 57k provides:

"Claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part, according to the equities of the case, before but not after the estate has been closed."

The bankruptcy court having no power to reconsider its action upon the allowance or disallowance of a claim except for cause, Congress must have intended that in the absence of cause for reconsideration the order allowing or disallowing the claim was a final judgment. This conclusion is supported by the language of section 25a and the provisions for appeal in the Judicial Code and in the act establishing the Circuit Courts of Appeals. Section 25a provides:

"That appeals, as in equity cases, may be taken in bankruptcy proceedings * * * (3) from a judgment allowing or rejecting a debt or claim of five hundred dollars or over * * * within ten days after the judgment appealed from has been rendered."

The general provision for appeals, section 128 of the Judicial Code (Comp. St. § 1120) reads:

"The Circuit Courts of Appeals shall exercise appellate jurisdiction to review by appeal or writ of error *final* decisions in the District Courts," etc.

Section 7 of the Circuit Court of Appeals Act (Comp. St. § 1121) provides for appeals from certain specified interlocutory orders or decrees, to be taken within 30 days; but the provisions there made have nothing to do with the question here involved. In McLish v. Roff, 141 U. S. 661, 664, 12 Sup. Ct. 118, 119 (35 L. Ed. 893) in considering section 5 of the Court of Appeals Act, which reads in part as follows:

"That appeals or writs of error may be taken from the District Courts or from the existing Circuit Courts direct to the Supreme Court in the following cases: In any case in which the jurisdiction of the court is in issue, * * *"

the court said the question there presented was: "Has this court jurisdiction to review the question before any final judgment in the cause?" It was urged that such jurisdiction existed, because there is in the section above quoted no express requirement of finality of judgment. The court said:

"We think that upon sound principles of construction such is not the meaning of the act of Congress under consideration. It is manifest that the words in section 5, 'appeals or writs of error,' must be understood within the meaning of those terms as used in all prior acts of Congress relating to the appellate powers of this court, and in the long standing rules of practice and procedure in the federal courts. Taken in that sense, those terms mean

the proceedings by which a cause, in which there has been a final judgment, is removed from a court below to an appellate court for review, reversal, or affirmance."

In thus making the judgments under section 25a final and limiting the time for appeals under that section, Congress remedied a defect in the law which permitted the bankrupt in the Sandusky Case, supra, to have an adjudication reviewed years after its entry. Such latitude of review in matters of bankruptcy was contrary to the purpose and spirit of the acts as stated by the Supreme Court, viz.:

"Congress, in enacting the Bankrupt Law, had apparently in view: (1) the discharge, under some circumstances, of an honest debtor from legal liability for debts he could not pay; and (2) an early pro rata distribution, according to equity, of his available assets among his several creditors. Prompt action is everywhere required by law. In Bailey v. Glover, 21 Wall. 346, we said, speaking through Mr. Justice Miller, that 'it is obviously one of the purposes of the bankrupt law that there should be a speedy distribution of the bankrupt's assets. This is only second in importance to securing equality of distribution. The act is filled with provisions for quick and summary disposal of questions arising in the progress of the case, without regard to usual modes of trial attended by some necessary delay.' The list of debts 'entitled to share in the bankrupt's property' (section 5091) is an important element in the settlement of the estate. Without it there can be no dividend. Hence the necessity for as 'quick and summary' a disposal of the questions arising under this part of the case as is consistent with a reasonable protection of the rights of the parties in interest." Wiswall v. Campbell, 93 U. S. 347, 350, 23 L. Ed. 923.

The early and final determination of the three appealable matters specified in section 25a is of vital importance, if the administration of estates in bankruptcy is to be accomplished within any reasonable time.

[2] We are of opinion that the judgments that may be appealed from under the provisions of section 25a are final judgments; that after the time for appeal has expired, unless a petition for reconsideration has been filed within 10 days, they may not be disturbed, except under the provisions of section 57k. As opposed to this conclusion, appellant urges upon our consideration In re Wright (D. C.) 96 Fed. 820, as authority for its proposition that it is within the power of the court to revive an expired right of appeal. Judge Lowell, in that case, unqualifiedly condemned any attempt to revive a right of appeal under pretense of reconsidering on the merits. He said:

"To grant a rehearing upon the pretense of reconsidering the merits of the case, but really to revive the petitioner's right of appeal, would be the employment of an unworthy fiction. The record should show the true purpose for which the rehearing was sought and granted."

The question before Judge Lowell was: May there be a reconsideration for the purpose of reviving the lost right of appeal? Judge Lowell said:

"The question just put seems to be decided in favor of the court's jurisdiction in Stickney v. Wilt, 23 Wall. 150, 164."

The Wright Case was under the present act; Stickney v. Wilt, 23 Wall. 150, 23 L. Ed. 50, was under the act of 1867, and was decided at the same term as the Sandusky Case, supra. Under the act of 1867, there was no requirement that the judgment of adjudication must be

appealed from within 10 days, if at all. On the judgment in Stickney v. Wilt there was such a limitation. Stickney v. Wilt was taken first to the Circuit Court by petition to superintend and revise, and then to the Supreme Court. The Supreme Court said:

"Inasmuch as the Circuit Court has no jurisdiction of the subject-matter in that form of proceeding" (to superintend and revise), "and that it is now too late to take an appeal from the District Court to the Circuit Court, the cause must be remanded, with directions to dismiss the petition."

Thereafter, with no question before it but with a desire to help an unfortunate litigant, the court gave utterance to the following statement, relied on by Judge Lowell:

"Unable to refer the appellee to any legal remedy as matter of right, under the present pleadings, it seems to be proper, in the judgment of the whole court, to suggest that it may be that the District Court will, grant a review of the decree rendered in that court, if a proper application is presented for that purpose, which would lay the foundation, if it be granted, in case of an adverse decision upon the merits of the case, for a regular appeal to the Circuit Court."

We can hardly presume that the Supreme Court intended to suggest to Wilt that he might file a petition which would be ostensibly for the purpose of procuring a review, but which would in fact be the thing condemned by Judge Lowell as unworthy, namely, a proceeding to reinvest Wilt with the right of appeal. If, as suggested by counsel, the Supreme Court intended to be understood as saying that the judgment in question was always within the control of the bankruptcy court until the close of the case, and that Wilt had the right to present the matter to the court, and the court had the right to set aside the order at pleasure, there could have been nothing simpler or more obvious for the court to do than to state that fact. It did say precisely that, at the same term, in the Sandusky Case, where there was involved no 10-day limit for appeal, as there was in the Wilt Case. The only fair conclusion to be drawn from the language of the court is that Wilt might file a petition or bill for review, which the court would have the right to entertain, and thereby have an appeal from the decree upon that bill or petition.

Appellant, in his supplemental brief, has called our attention to In re Worcester County, 102 Fed. 808, 42 C. C. A. 637. This is the same matter in the Circuit Court of Appeals for the First Circuit, decided by Judge Lowell in In re Wright, supra. The case was decided in the Court of Appeals upon the assumption that the terms of the District Court were terms of court for the court sitting in bankruptcy, and the cases cited and relied upon are none of them cases arising in bankruptcy, but are cases arising under the equity practice in courts having regular terms, and those cases merely hold that, where a motion for rehearing is seasonably filed, the time for appeal does not begin to run until the petition is denied. In summing up that part of the case, the court said:

"In view of what we have said, we have no occasion to consider whether or not the organization of the District Court, sitting in bankruptcy, is, by the statute, of a continuous nature, so that, according to the expressions in Sandusky v. Bank, 23 Wall. 289, 292, 293, 23 L. Ed. 155, and in Stickney v. Wilt,

23 Wall. 150. 164, 23 L. Ed. 50, its proceedings are not subject to the ordinary rule that rehearings must be asked for at the term at which the judgment is entered, or to the other rule that bills of review for matters appearing on the face of the record must ordinarily be brought within the time limited by statute for taking appeals, as shown in Central Trust Co. v. Grant Locomotive Works, 135 U. S. 207, 227, 10 Sup. Ct. 736, 34 L. Ed. 97, and in Reed v. Stanley, 38 C. C. A. 331, 97 Fed. 521, decided by the Circuit Court of Appeals for the Ninth Circuit."

We are of opinion that the Worcester County Case, decided upon the theory stated, should not be held to be an authority on the question here presented. In that case the court cited a former decision by that court (Andrews v. Thum, 64 Fed. 149, 12 C. C. A. 77), wherein it said:

"We relied on Smelting Co. v. Billings, 150 U. S. 31, 14 Sup. Ct. 4, 37 L. Ed. 986, an examination of which will show that it fully supports the proposition we now make."

In the Smelting Co. Case, 150 U. S. 31, 14 Sup. Ct. 4, 37 L. Ed. 986, the court said:

"The rule is that if a motion or a petition for rehearing is made or presented in season and entertained by the court, the time limited for a writ of error or appeal does not begin to run until the motion or petition is disposed of. Until then the judgment or decree does not take final effect for the purposes of the writ of error or appeal. Brockett v. Brockett, 2 How. 238, 249; Texas & Pac. Railway v. Murphy, 111 U. S. 488; Memphis v. Brown, 94 U. S. 715."

In Memphis v. Brown, 94 U. S. 715, 24 L. Ed. 244, the Brockett Case, 2 How. 238, 11 L. Ed. 251, is cited, and also Sage v. Cent. R. R., 93 U. S. 412, 23 L. Ed. 933. In this latter case, some language very pertinent here is used. Under the law as it then stood, appeals might be taken within 2 years from the entry of the final decree, but, in order that it might operate as a supersedeas the writ of error must have been sued out or the appeal taken within 60 days. Sage and others were permitted to intervene and appeal on a date more than 60 days after the entry of the final decree, but they did not then appeal and the court said:

"If they had done so, it could not have had the effect of a supersedeas, because it was not allowed until after the expiration of the 60 days. The order of the court, to the effect that, if the bond should be given, the appeal might be regarded as taken and perfected December 16, was of no effect for the purposes of a supersedeas. While it is true that the court may enter an order in a cause nunc pro tunc, where the action asked for has been delayed by or for the convenience of the court (Perry v. Wilson, 7 Mass. 394), it is never done where the parties themselves have been at fault (Fishmongers' Company v. Robertson, 3 Man. Gr. & S. 974), or where it will work injustice. A supersedeas is a statutory remedy. It is only obtained by a strict compliance with all the required conditions, none of which can be dispensed with. Hogan v. Ross, 11 How. 297; Railroad Co. v. Harris, 7 Wall. 575. Time is an essential element in the proceeding, and one which neither the court nor the judges can disregard. If a delay beyond the limited time occurs, the right to the remedy is gone, and the successful party holds his judgment or decree freed and discharged from this means of staying proceedings for its collection or enforcement. This is a right which he has acquired, and of which he cannot be deprived without due process of law. *The court can no more give effect to a supersedeas by ordering that the appeal shall relate back to a time within the 60 days than it can to an appeal taken after*

*the expiration of 2 years, by dating it back to a time within the limitation. To make a nunc pro tunc order effectual for such purposes, it must appear that the delay was the act of the court and not of the parties, and that injustice will not be done."* (Italics are ours.)

Conboy v. First Nat. Bank of Jersey City, 203 U. S. 141, 27 Sup. Ct. 50, 51 L. Ed. 128, was an attempted appeal from the Court of Appeals to the Supreme Court under section 25b. General Order in Bankruptcy XXXVI limited the time of taking such an appeal to 30 days, as the court said, "in harmony with the policy of the Bankruptcy Act, requiring prompt action and the avoidance of delay." The appeal was allowed 4 months after the decree appealed from. It was urged that the limitation should be referred to the date of the order denying the petition for rehearing. The court said:

"No appeal lies from orders denying petitions for rehearing, which are addressed to the discretion of the court and designed to afford it an opportunity to correct its own errors. Brockett v. Brockett, 2 How. 238; Wylie v. Coxe, 14 How. 1. Appellant might have made his application for rehearing and had it determined within the 30 days, and still have had time to take his appeal. But he let the 30 days expire, as it did February 22, 1905, and did not file his petition until May 8, 1905. The right of appeal had then been lost, and appellant could not reinvest himself with that right by filing a petition for rehearing."

The cases cited for appellant in which it is held that an application for rehearing, made before the time for appeal has expired, suspends the running of the period for appeal, are not applicable where the period has already expired.

"When the time for taking an appeal has expired, it cannot be arrested or called back by a simple order of court. It if could be, the law which limits the time within which an appeal can be taken would be a dead letter." Credit Co. v. Ark. Central Ry., 128 U. S. 258, 261, 9 Sup. Ct. 107, 108 (32 L. Ed. 448.)

The Conboy Case very conclusively holds that, where there is no petition for rehearing or other action taken within the time allowed for the appeal, nothing done thereafter can be of any avail. See, also, Brady v. Bernard & Kittinger, 170 Fed. 576, 578, 95 C. C. A. 656 (affirmed 217 U. S. 595, 30 Sup. Ct. 695, 54 L. Ed. 896).

When no appeal was taken within the 10 days specified, Lee's rights became fixed, and could not be divested, except by due process of law.

Appeal is dismissed.