In re GIRARD GLAZED KID CO.

(District Court, E. D. Pennsylvania. May 5, 1904.)

No. 1,767.

1. BANKRUPTCY—INVOLUNTARY PROCEEDINGS—QUALIFICATION OF PETITIONER.
    A creditor is not disqualified from filing a petition in bankruptcy against the debtor because of the receipt of a payment more than four months previously, which, if made within that time, would have been preferential, but is not so under Bankr. Act July 1, 1898, c. 541, § 60a, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], as amended by Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 [U. S. Comp. St. Supp. 1903, p. 416].

2. SAME—REHEARING—GROUNDS.
    A rehearing will not be granted on pretense of reconsidering a case on the merits, but for the real purpose of reviving the petitioner's right of appeal, the time for taking an appeal having expired. If entitled to relief for that purpose, the facts must be shown in the petition.

In Bankruptcy. On certificate from special referee recommending adjudication.

Edward H. Weil and Arthur E. Weil, for petitioner.
Crawford & Loughlin, for bankrupt.

J. B. McPHERSON, District Judge. In the division of certain corporate assets pro rata among the bankrupt's creditors by virtue of the agreement of January 20, 1903, it is clear that Barbara Swartz and all the other creditors, except Clara Illingsworth, received more than their proper share, because the claim of the last-named person had been improperly reduced on the books of the company by the entry of a false credit in the sum of $3,200, and therefore the dividend she ought to have received upon that amount was divided among the other credit-

ors. This improper credit was made or sanctioned by the president of the company, who was Clara Illingsworth's father, and her representative in all her dealings with the company, and by the secretary and treasurer, who was the son of Barbara Swartz, and in like manner her representative. The participation of the president in the transaction is a disputed point, but the question is one of fact, and I see no reason to disagree with the finding of the referee upon this subject. The result has been to prefer Barbara Swartz, among other creditors; and, as she is the single petitioner, the question is presented whether she is so far disqualified from filing a petition that the proceeding must be dismissed. The petition was not filed until October 28, 1903, and, as the last payment to the creditors seems to have been made on March 27th of that year, the preferential payment is now, by the lapse of time, secure from attack. If the payment had been made within four months, I should follow the course adopted by several other district judges, and require the petitioner to surrender her preference under penalty of having the petition dismissed, but, as the facts are, I do not feel at liberty to impose that condition. The bankrupt act itself protects these payments, for it draws an arbitrary line at four months preceding the filing of the petition, and, by declaring payments on one side of that line to be voidable, it necessarily implies that payments on the other side cannot be successfully assailed. In other words, Barbara Swartz is not a "preferred creditor," within the meaning of that phrase as it is used in the bankrpt act, and, this being so, I am unable to see upon what ground I can properly hold her disqualified to file a petition against the corporation. She may be under a moral obligation to repay a certain sum of money to Clara Illingsworth, because she has profited by the act of her son at the other's expense, but she is under no legal obligation to anybody, and she has done no wrong of any kind or degree to the bankrupt or to any other creditor except to Clara Illingsworth. I can discover no reason for the application of the doctrine of "clean hands," and no other ground, legal or equitable, why the petitioner should not be permitted to begin and carry on this proceeding.

The exceptions to the report of the referee are dismissed, and the clerk is directed to enter an order adjudging the company to be a bankrupt.

Petition for Rehearing.

(May 19, 1904.)

This petition is upon its face an ordinary application for a rehearing on the merits, and presents no reason that has not already been fully considered. Its real purpose, however, is to regain the right of appeal, which has been lost by a failure to act within the 10 days prescribed by the statute. Judge Lowell disposed of a similar application in Re Wright, 3 Am. Bankr. R. 184, 96 Fed. 820, and I fully agree with what he there said:

"The court is satisfied with its original decision upon the merits of the case, and will not grant a rehearing in order to give those merits further consideration. To grant a rehearing upon the pretense of reconsidering the merits of the case, but really to revive the petitioner's right of appeal, would be the employment of an unworthy fiction. The record should show the true purpose for which the rehearing was sought and granted."

This petition, therefore, must be refused, as the court is satisfied with its previous decision on the merits, and does not desire to hear further argument thereon. If a petition is presented, however, setting forth the reasons for the failure to appeal in due season, their sufficiency will be considered, and it can then be determined properly and directly whether the petitioner is entitled to relief.