## *In re* CARRIER *et al.*

(*District Court, D. New Jersey.* October 29, 1891.)

**BANKRUPTCY—PROCEEDINGS TO REALIZE ESTATE—OBJECTION TO JURISDICTION.**

Where an assignee in bankruptcy applies for a rule against persons claiming lots by purchase from the bankrupt, to show cause why they should not be turned out of possession and restrained from interfering with a sale by the assignee, and they appear before the register and defend on the merits, and then fail to except to his report, on which the rule is made absolute, it is too late for them thereafter to seek to have the proceedings set aside as void for want of jurisdiction in the court as a court of bankruptcy.

In Bankruptcy.

This was a petition by A. J. and J. L. Long to set aside certain orders in bankruptcy proceedings against Carrier & Baum. The opinions of the court on former questions arising in the same proceedings are reported in 46 Fed. Rep. 850 and 47 Fed. Rep. 438.

*James Fitzsimmons*, for petitioners.

*L. B. D. Reese*, for assignee.

REED, J. A petition was filed December 31, 1889, by L. B. Duff, assignee of Carrier & Baum, setting forth that at the time of the filing of the petition in bankruptcy A. F. Baum was the owner of certain lots in the borough of Freeport, Armstrong county, Pa., and reciting at length of title by which said Baum held the lots. The petition further averred that the said lots, title to which it was claimed had passed to the petitioner as assignee, were held by one Ingersoll, who had been put into the building on the lots by Baum for the purpose of taking care of it, and that Ingersoll had agreed, after some legal proceedings

had been taken against him, to surrender possession to petitioner whenever desired. That in 1889, some 15 years after the adjudication of said Baum as a bankrupt, an attempt was made by petitioner, under an order of court, to sell the property, and on the 28th day of December, 1889, at the time the lots were exposed to sale, a notice was read by Ingersoll, as attorney for A. J. Long and J. L. Long, claiming to have purchased the property from A. F. Baum, Robert Campbell, and Margaret Baum, and stating that bidders would take no title. The petition charges that, after the order of sale had been obtained, Baum made a pretended sale to the Longs, who put a small quantity of lumber on the lots, in order to claim colorable possession thereof, and, together with Baum, procured Ingersoll to give said notice, in order to affect the bidding and deter purchasers. That the possession claimed by Longs is without color of title. That Robert Campbell has no interest in said lots, and that such acts, upon which possession is claimed to rest, took place within three months, and were fraudulent and collusive, and designed to prevent the property from coming into the hands of the assignee. The petition prays a rule upon Baum, Ingersoll, and A. J. and J. L. Long, to show cause why they should not vacate said property, and why an order should not be made restraining them from interfering with the possession of the property and the sale thereof by the assignee. To this petition an answer was filed January 11, 1890, by J. L. Long, A. J. Long, and A. F. Baum, generally denying the allegations of the petition; the Longs in their answer claiming title partially through Robert Campbell. They also say—

"That they respectfully object to being turned out of possession of the same in this way. That they are ready to defend their title to the said property in any regular judicial proceeding of the usual character, and submit their title cannot or should not be adjudged by this hasty remedy. They also submit to the court, with the utmost respect, that said assignee of Carrier & Baum has no right or title to the said property, or any power over the same."

George G. Ingersoll filed an answer, stating that he never interfered with the sale of the property, except by serving the notice for the Longs and for Baum and his wife, and alleging that he was in possession under a lease from Baum to Mrs. Ingersoll, the wife of the respondent. On April 3, 1891, the matter was referred to A. Y. Smith, Esq., register in bankruptcy, for examination and report. The testimony returned with his report shows that counsel for the respondents were present at the several hearings, and defense was made upon questions of fact and the merits. The register's report was filed August 24, 1891, and confirmed *nisi*. No exceptions having been filed, an order was made on September 4, 1891, confirming the report absolutely, and ordering the respondents to forthwith vacate the property, and containing a clause enjoining the respondents from taking or holding possession of the real estate, and from interfering with the possession of the assignee, or the sale by him of the property. No attention having been paid to this order, upon October 4, 1891, a petition was presented by the assignee, and a rule granted on the respondents to show cause why an attachment

should not issue against them, and why the United States marshal should not be directed to remove respondents from the property. This rule was returnable October 17, 1891, but at the request of the counsel for respondents was extended until October 24, 1891, at which time the rule was continued as to the attachment, but made absolute as to the direction to the marshal. On October 27, 1891, a petition was presented on behalf of the Longs, praying that all the above-recited orders be vacated and set aside as null and void, for want of jurisdiction in the court, as a court of bankruptcy, to make the same. Counsel for the assignee opposed the application, upon the ground that the lots were part of the bankrupt's estate, and in the possession of the assignee, (Ingersoll having recognized his right to possession, and agreed to hold under him,) until that possession was disturbed by the wrongful acts of the respondents; that, therefore, the proceeding by petition and rule to show cause was proper, and within the power of the court as a court of bankruptcy.

It is, however, unnecessary to pass upon that question, for the respondents appeared voluntarily, answered upon the merits, and went in to the hearing before the register, and have thereby waived any question as to the form of the proceeding. The case of *Stickney* v. *Wilt*, 23 Wall. 150, in my judgment, rules this case. There a petition had been presented by the assignee, a rule to show cause was not granted, but the parties appeared and answered, and an order was made after hearing, sustaining the petition, and decreeing relief, as prayed in the petition. The supreme court said:

"Rights of property were claimed in these lands by the appellee, and the suit in this case was commenced in the district court, contesting that claim, which is plainly a subject-matter cognizable under that provision. [Rev. St. § 4979.] Nor is it any argument against that theory that the first pleading in the district court is in form a petition, as suits at law and in equity, in many jurisdictions, are commenced in that form of pleading. Beyond all doubt, the petition contains every requisite of a good bill in equity, whether the pleading is tested by the statement of the cause of action, or by the charging part of the bill, or by the prayer for relief; and, if it be suggested that it contains no prayer for process, the answer to the objection is a plain one, to-wit, that three of the parties respondent appeared, and waived the issuing and service of process, and that the appellee voluntarily appeared and filed an answer."

A proceeding, similar in form to that in the present case, was sustained in the *Case of Anderson*, 23 Fed. Rep. 482.

I am unable to see how the petitioners have suffered any injury by the mode of proceeding followed in this case. They have had a full opportunity to be heard on the merits, and permitted the register's report to be filed and confirmed without objection, and did not even pursue to argument the suggestion in their answer as to the form of proceeding, even if the most favorable construction be put upon that portion of their answer, and it be considered as an objection to the proceeding. It is too late to inquire into the merits of the register's findings and report. The petition must be refused; and it is so ordered.