### In re McLAREN et al.

(District Court, N. D. New York. November 21, 1903.)

1. BANKRUPTCY—PARTNERSHIP—EXISTENCE.

Where, on an application for an adjudication of bankruptcy against a firm, it appeared that both of the original partners had died, leaving their interests to certain others, some of whom were minors, and it did not appear by whom or under what arrangement the firm was subsequently conducted, except that two persons conducted the business and committed the acts of bankruptcy alleged, and the continuance of the partnership was denied by the alleged infant members, an adjudication would be denied until the existence of the partnership was proved.

Application to have an alleged copartnership adjudicated a bankrupt, notwithstanding the interposition by several of the alleged members of the firm of answers alleging their infancy and denying that they are members of the firm or copartnership.

Charles S. Aldrich, for petitioning creditors.
Chas. I. Webster, for Ida B. Howard et al.
M. F. O'Connor, for Robert L. McLaren.
Samuel Foster, for Ella McLaren et al.

RAY, District Judge. On the 12th day of October, 1903, certain creditors of the alleged firm of J. & R. McLaren filed a petition in

involuntary bankruptcy, asking to have said firm and the individual members thereof adjudged bankrupt, and alleging that the firm is composed of Sarah McLaren, John R. McLaren, Ida B. McLaren Howard, John Howard McLaren, Ella McLaren, David Grant McLaren, as to all indebtedness owing by said firm and in existence prior to January 1, 1901, and also Robert L. McLaren, to the extent of the property interests involved in and a part of said copartnership business that were devised to him by Robert McLaren. John Howard McLaren and John R. McLaren file an answer and consent, duly verified, as follows:

"In the District Court of the United States, Northern District of New York.
"In the Matter of J. & R. McLaren, Alleged Bankrupts.
"In Bankruptcy. No. 1589.

"At Sand Lake, in said district, on the 6th day of November, A. D. 1903.
"Now, the said J. & R. McLaren a co-partnership mentioned in said petition appears in this proceeding, and admits, that the said firm of J. & R. McLaren is insolvent, and that it committed the acts of bankruptcy alleged in said petition, and expresses its willingness to be declared bankrupt within the purview of the acts of Congress relating to bankruptcy.
"Thomas H. Guy,
"Attorney for said Bankrupts,
"5 Keenan Building,
"Troy, N. Y.

"The United States of America, Northern District of New York, County of Rensselaer—ss.

"John Howard McLaren and John R. McLaren, being duly sworn each deposes and each for himself says, that he is a member of the firm of J. & R. McLaren, the alleged bankrupts herein; that he has read the foregoing answer and knows the contents thereof, that the same is true of his own knowledge; and that these two affiants have for several years had the active management of the business and affairs of the said firm.
"John Howard McLaren.
"John R. McLaren.
"Sworn to before me this 7th day of November, 1903.
"Le Grand M. Turner,
"Notary Public, Rens. Co., N. Y.
"[Seal of Le Grand M. Turner, Notary Public, Rensselaer Co., N. Y.]"

The other alleged partners file answers, each denying that he or she is a member of such firm or copartnership, or that he or she ever has been a member of any firm or copartnership, and each denies that he or she has committed the acts of bankruptcy alleged, and all also alleging their infancy.

From the answer of Robert L. McLaren (an infant) it appears (and the facts are admitted on this application) that prior to 1889 two brothers, John McLaren and Robert McLaren, were engaged in the knit goods business at West Sand Lake, Rensselaer Co., N. Y., as copartners under the firm name of "J. & R. McLaren." September 27, 1889, said Robert McLaren died, and left a will, which was duly proved, containing the following provision:

"Fourth. I give, devise and bequeath my Factory Investment to my wife, Sarah McLaren, to John R. McLaren, to Ida D. McLaren, my daughter, to Robert L. McLaren, my second son, each to share and share alike, when they are of age. And I hereby appoint John McLaren of West Sandlake,

Rensselaer County, N. Y., and George French of North Adams, Mass., executors of this my Last Will and Testament."

These legatees, or some of them, are named in the petition as copartners in such firm. Just what was done, or what arrangement was made, does not appear, except that the business was continued by some persons under the same name. December 11, 1894, John McLaren, the surviving partner, died, and left a will containing this provision:

"I give, devise and bequeath all my right and title and interest in the knitting mill property at West Sandlake to my wife, Jane Elizabeth McLaren, and my sons, John Howard McLaren and David Grant McLaren, and my daughter, Ella M. McLaren, in equal shares to my aforesaid wife, two sons and daughter. * * * I also direct that during the minority of my son, David Grant McLaren and my daughter, Ella M. McLaren, they shall have no voice in the management of their interests in the knitting mill business, but that their interest shall be attended to solely by the executors of this my Last Will and Testament."

Thereafter the business was carried on under the same firm name, but by whom, or under what arrangement, does not appear, except that John Howard McLaren and John R. McLaren admit that they are members of said copartnership, and that they and the firm have committed the acts alleged. This admission also carries with it, by implication at least, an allegation on their part that these infants are members of this copartnership.

When Robert McLaren died, the original copartnership was dissolved, and the partnership property passed to the surviving partner for the purpose of winding up the business; and the interest of the testator, when that was done, went, under his will, to Sarah McLaren, John R. McLaren, Ida D. McLaren, and Robert L. McLaren. It does not appear that the estate of Robert McLaren was ever settled. Any firm of J. & R. McLaren subsequently existing must have been the result of some new agreement. If John McLaren became a member of the new copartnership (assuming there was one), it was dissolved when he died, in 1894, although his will seems to contemplate a continuation of the business. The business was carried on under the same name thereafter it is said. But by whom? Under what agreement? What property was involved? Ordinarily, an infant cannot be a copartner, and especially is this true in the absence of an agreement. It would seem improper to adjudicate a copartnership bankrupt because two of the alleged members admit its existence, and that they are members, all the other members denying any connection with it, and denying the acts of bankruptcy alleged. Possibly on a trial the court will dismiss as to the infants, and hold the adults to have constituted the partnership of J. & R. McLaren; but the facts must all appear, and be admitted or otherwise proved, before the court can act intelligently. It is undoubtedly true that under the present law a partnership is an entity, a person, within its meaning. (In re Meyer, 98 Fed. 976–979; 39 C. C. A. 368; In re Sanderlin [D. C.] 109 Fed. 857–859; Collier on Bankruptcy, 61, etc.), but this fact does not justify an adjudication in such a case as this as against the alleged partnership, its existence and composition as alleged being denied.

Adjudication is refused until the uncertainties are removed by a trial or by an amended petition and other necessary proceedings wherein the facts are made to appear.