## In re HUDSON CLOTHING CO.

### (District Court, D. Maine. August 18, 1905.)

### No. 106.

1. BANKRUPTCY—GROUNDS FOR REHEARING—REVIVAL OF RIGHT OF APPEAL.

While a court of bankruptcy has the right to grant a rehearing after the time for an appeal from its order or decree has expired, for the purpose of reviving the right of appeal, it should not do so unless the facts in the case clearly warrant it, because otherwise the effect would be to nullify the statutory provision limiting the time within which an appeal may be taken.

2. SAME.

An adjudication of bankruptcy was made after a full hearing on oral testimony which was not taken down, although the court called the attention of counsel to the fact, suggesting the necessity, in case either party should desire to appeal, and offered to suspend the hearing until a stenographer could be procured. No steps for an appeal were taken, but after the time for an appeal had expired a petition for a rehearing was filed. *Held* that, where the court was of opinion that there was no ground for a rehearing on the merits, one would not be granted, for the purpose of giving the bankrupt the right to appeal.

In Bankruptcy. On petition for rehearing in the matter of adjudication.

Manson & Coolidge and Henry Hudson, for petitioner for rehearing.

John S. Williams and Albert S. Woodman, for petitioning creditors.

140 F.—4

HALE, District Judge. In this matter there was a full hearing on June 13, 1905, upon the matter of adjudication. The question then before the court was whether the alleged copartnership, under the name of Hudson Clothing Company, should be adjudged bankrupt. Upon this question there was a serious controversy of fact and of law. Much testimony was offered, and full oral arguments were made. During the progress of the testimony the court called the attention of counsel to the fact that there was no stenographer in court taking down the testimony of the witnesses. The court stated to counsel that while, for the purposes of the hearing, the court did not care for a stenographer, still, counsel should be reminded that, if either side desired to appeal, it would be necessary to have the testimony taken down and the record preserved. The court further suggested that it would suspend, and allow a stenographer to come in and take down all the proceedings, if it was desired. Counsel took no action in that regard, so that the' evidence was not preserved. While all the evidence was fresh in my mind I decided the case; and, on June 17, 1905, I ordered an adjudication in bankruptcy against the said copartnership. No appeal was taken within the 10 days· mentioned in Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]. On July 21st, however, a petition for a rehearing was filed by one of the alleged partners of the Hudson Clothing Company.. Since that time the question of such rehearing has been fully heard by me upon arguments of counsel.

Undoubtedly the court has a right to grant the rehearing; but, upon a careful consideration of the testimony as it was presented and of the questions of law involved, I must decide that I see no reason for changing my decision in making the adjudication, and I see no reason to believe that further argument would lead me to reconsider.

It is undoubtedly true, also, that the court has a right to grant a rehearing for the purpose of allowing an appeal to be taken. This petition may fairly be held to present the question of a review. In Re Worcester County, 102 Fed. 808, 42 C. C. A. 637, Judge Putnam, in speaking for the Circuit Court of Appeals, has said that it is of no consequence whether a petition is regarded by the court as a petition for a rehearing, or as a petition for review; that the court does not regard forms in this regard. In Re Wright (D. C.) 96 Fed. 820, Judge Lowell did grant a rehearing for the purpose of allowing an appeal to be taken. Judge Lowell, in allowing the rehearing, said:

"To grant a rehearing upon the pretense of reconsidering the merits of the case, but really to revive the petitioner's right of appeal, would be the employment of an unworthy fiction."

He quotes from Mr. Justice Clifford in Stickney v. Wilt, 23 Wall. 150, 23 L. Ed. 50, and concludes:

"From this remark it seems to follow that the Supreme Court considered that the District Court would be justified in granting a review of its own decree for the purpose of allowing that decree to be appealed from, and although the application was presented after the time for appeal was expired."

Judge Lowell's action in that case was taken for the reason that from certain mishaps the party against whom the decision had been made had not taken the appeal within 10 days, but the court was satisfied that throughout the proceedings an appeal had been contemplated.

In the case at bar I had notified counsel for both parties during the hearing, as I have just stated, in order that they might protect their rights of appeal, and had called their attention to the fact that no appeal could probably avail unless the testimony were reduced to writing. No stenographer was brought into court, however, and afterwards no papers were filed with reference to an appeal; but this petition for a rehearing was filed on July 21, 1905.

A court must exercise a very guarded discretion in granting a rehearing. While it has a right to grant a review of its own decree, and a rehearing for the purpose of allowing that decree to be appealed from, it should never do this unless the facts in the case clearly warrant it, as they did in the case of In re Wright, to which I have referred. No such facts appear to me to exist in the case at bar. I cannot believe that by reason of any "series of mishaps" an appeal was not taken, for full notice was given to counsel, and I must assume that they acted advisedly in failing to preserve the record and to apply for an appeal. The court must take into consideration, too, that the petitioners are not the only parties whose rights may be affected by granting a rehearing for the purpose of allowing my decree to be appealed from. If I should grant this rehearing for this purpose, it might fairly be used as a precedent for such action in almost any case where a party had not taken an appeal from an adverse decree within the 10 days allowed by the bankruptcy statute. It would thus have the effect of nullifying the provisions of section 25a, allowing only 10 days for taking an appeal.

The petition for rehearing is denied.