## In re HUDSON CLOTHING CO.

### (District Court, D. Maine. November 1, 1906.)

### No. 106.

BANKRUPTCY—PARTNERSHIP—EVIDENCE TO ESTABLISH RELATION.

 Where two persons each contributed to the capital employed in a mercantile business, which they conducted together under a company name, intending to incorporate, but never carrying out such intention, there was a partnership in fact between them in the business, which may be adjudicated a bankrupt, and which is the owner of the property and assets of the common concern.

In Bankruptcy. On review of decision of referee.
See 140 Fed. 49.

John W. Manson, for trustees of estate of Henry Hudson.
John S. Williams and Albert S. Woodman, for trustee of estate of Hudson Clothing Company.

HALE, District Judge. John F. Sprague, Esq., referee in bankruptcy, certifies that in the course of the proceedings in this case he made the following order:

"That the said John W. Manson, Albert W. Chapin, and Freeman D. Dearth, as trustees of the estate of Henry Hudson, a bankrupt in bankruptcy, pay over to John S. Williams, as trustee of the estate of Henry Hudson and James Hudson, copartners under the firm name and style of Hudson Clothing Company, the sum of thirty-five hundred dollars, it being the amount for which. said stock of goods was sold and lawful interest on the same from August 15, 1905, to July 6, 1906.

"And it is further ordered that the respondents herein, being the said John W. Manson, Albert W. Chapin, and Freeman D. Dearth, pay to the said John S. Williams, trustee as aforesaid, the costs of these proceedings, to be taxed by the clerk of this court."

The referee further reports that the trustees of the estate of Henry Hudson, in bankruptcy, have filed a petition for review of this action of the referee. All the evidence and all the papers pertinent to the review are before me, and the case has been fully argued by counsel. The trustees in bankruptcy of Henry Hudson take the ground that no such partnership ever existed as is found by the referee under the name of Hudson Clothing Company, and that, if any such partnership

148 F.—20

did exist, it had no title to any of the goods in question, but that said goods were the property of Henry Hudson, now in bankruptcy.

The original petition in involuntary bankruptcy in this case alleges that Henry Hudson and James Hudson constituted the partnership of the Hudson Clothing Company, that the partnership owned the stock of goods, and that an act of bankruptcy had been committed in connection with that stock of goods. In the matter of adjudication, this court had a full hearing in June, 1905. Much testimony was before the court on the question of the existence of a partnership and as to the ownership of the goods by the alleged partnership. Petitioners claimed that Henry and James Hudson were partners in fact, and that they owned the stock of goods in question. The matter was fully argued by counsel. The court ordered the partnership adjudicated bankrupts. Afterwards, upon the question of a rehearing, I gave an opinion, which is found in 140 Fed. 49.

In the matter now before me the referee says:

"Hence it appears to me that, when the court adjudicated Henry Hudson and James Hudson bankrupts, and when the same subject-matter was again brought before the same court by petition for rehearing, and the petition denied, and no appeal taken, the whole question of the ownership of the stock of goods now in controversy had been finally settled between these same litigants by decrees of a court of competent jurisdiction, and that these decrees are now the law governing this case.

"It appears to me from the evidence in the case, and I so find, that when the court adjudged Henry Hudson and James Hudson bankrupts, under the firm name and style of Hudson Clothing Company, it settled the question of the ownership of these goods. The contention was really whether or not they were copartners. If they were, then they were bankrupts, and necessarily the owners of the goods, as there were no other assets belonging to them. The two questions of whether they were copartners, and hence owners of the goods, and whether they were bankrupts, were inseparable. When they were adjudged bankrupts, they were also found by the court to be owners of the goods."

The referee further found that the question presented is now res judicata. All the counsel in the case have asked me, however, to examine the evidence and to come to a conclusion on the testimony itself as to whether the referee should be sustained in making the order which he has made. I have accordingly examined with care the testimony and the mixed questions of law and fact, which have been fully argued.

Counsel for the bankrupt estate of Henry Hudson have urged with great earnestness that, upon all the evidence, there has been no partnership proven in the case; that, on the most favorable view which may be taken for the petitioners, the evidence shows only certain acts of the alleged bankrupts in holding themselves out as copartners; that those acts have a tendency to prove merely an estoppel to deny partnership; that proving such estoppel is a different thing from proving a partnership in fact; and that such estoppel, if proven, would not warrant an adjudication in bankruptcy. I shall not undertake to burden the record by reciting in detail the testimony upon this point. There is evidence tending to show that Henry Hudson contributed the stock of goods in the first instance; that James Hudson contributed $1,000 of his own money; that a bank account was opened; that James

Hudson deposited his $1,000; that checks were drawn upon the account for the partnership business; that, out of the $1,000 brought in by James Hudson, bills were paid for goods which were put into the store by Henry Hudson; that Henry and James Hudson intended to form a corporation; that they took steps to form a corporation; that they assumed a corporate name; but that they never completed the organization. Upon a careful review of the record, I do not find evidence tending to show that Henry and James Hudson held themselves out to the public as a partnership, but rather that the contrary is true. They did, however, intend to form a corporation, and they took the initial steps for organization, but never organized it. The whole testimony induces the belief that they were partners in fact.

In Frost v. Walker, 60 Me. 470, in speaking for the Supreme Court of the state, Judge Walton said:

"An unincorporated joint-stock company is a mere partnership, and each member is personally liable for all its debts. * * * The New England Express Company was never incorporated. It was, therefore, a mere partnership, and each member was personally liable for all its debts."

The court further held that, by contributing to the actual working capital of the company, the members became entitled to share in the profits of the business and became copartners. This is the leading case in Maine touching this question. The court goes far beyond holding a mere partnership by estoppel. It holds that there was a partnership in fact.

When federal courts have construed the law of partnership as it pertains to bankruptcy matters, they have held that a mere holding out of partnership is not sufficient to warrant an adjudication; otherwise, a bankrupt might become liable to some creditors and not liable to others, and the proceedings in bankruptcy might be good as to some and void as to others. Partnership in fact must be actually proven in order to sustain an adjudication. In the Beckwith Case, 130 Fed. 475, which has been brought to my attention, the District Court for Pennsylvania reviewed the law quite fully upon this point. The statement of the law is valuable, although the decision was overruled on the ground that the testimony was not sufficient to establish the existence of a partnership in that particular case. Jones v. Burnham, etc., 138 Fed. 986, 71 C. C. A. 240.

While it is clear that, in order to proceed to adjudication, a partnership in fact must be proved, of course, this may be proved by circumstantial, as well as by direct, testimony. The subject-matter of the different kinds of evidence that are admitted by the courts to prove partnership is discussed in Wigmore on Evidence, § 1249, and cases cited; Greenleaf on Evidence, §§ 477–481.

Upon a careful analysis of the evidence, I come to the conclusion that the testimony is not of a character to show a mere partnership by estoppel, but that it does show a partnership in fact, and that the goods in question belonged to that partnership; and I so find.

There is no question but that the stock of goods was sold by the trustees of the bankrupt estate of Henry Hudson for the sum of $3,500; that this sum was in their possession at the time of the filing of the

petiton to pay over the funds, upon which this proceeding is founded; and that it is still in their possession.

Under the law and the rules in bankruptcy, however, they did not receive interest upon it, nor derive any benefit from it. In an action of trover against them, they might be chargeable with interest. But this is a proceeding in bankruptcy, in which the court is passing upon the disposal of a certain fund in its custody. In such proceeding, and upon the testimony before me, the trustees of the estate of Henry Hudson in bankruptcy should not be charged with interest.

In the view that I have taken of the case, it is not necessary for me to decide the question of res judicata, upon which the referee based his decision.

The order of the referee is sustained, except as to the matter of interest.

And it is ordered that John W. Manson, Albert W. Chapin, and Freeman D. Dearth, trustees of the estate of Henry Hudson in bankruptcy, pay over the sum of $3,500 to John S. Williams, trustee in bankruptcy of the Hudson Clothing Company, a copartnership consisting of Henry Hudson and James Hudson.

The further order of the referee as to costs is sustained; and it is ordered that the respondents pay to the said John S. Williams, trustee as aforesaid, the costs of the proceedings before the referee and of the further proceedings in this court.