TODD v. ALDEN.

In re MOTOR TRUCK SALES CO.

(Circuit Court of Appeals, Eighth Circuit. July 23, 1917.)

No. 4843.

1. BANKRUPTCY ⬥461—TIME FOR APPEAL FROM ORDER—EFFECT OF REHEARING.

Where, after an order allowing a claim in bankruptcy, a rehearing is granted, the time for taking an appeal is extended, and runs from the time the order is made final.

2. REVIEW OF FACTS.

Facts considered and orders affirmed.

Appeal from the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

In the matter of the Motor Truck Sales Company, bankrupt. W. W. Todd, trustee, appeals from an order allowing the claim of W. A. Alden. Affirmed.

Allen & Fletcher, of Minneapolis, Minn., for appellant.
George S. Grimes, of Minneapolis, Minn., for appellee.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

CARLAND, Circuit Judge. This is an appeal from two orders of the bankruptcy court, made on January 6, 1916, and May 18, 1916, which allowed the claims of W. L. Alden, based upon four promissory notes given by the Motor Truck Sales Company to said Alden for the following amounts: Claim No. 31, $3,300; No. 33, $3,100; No. 34, $1,500; and No. 35, $1,300.

[1, 2] It is urged that the trial court erred in deciding that these notes represented loans made to the bankrupt corporation, and were not subscriptions for, or contributions to, the capital stock of said corporation. The question for consideration is entirely one of fact. The referee in bankruptcy in a well-considered report found that the amounts represented by these notes were loans to the corporation. The District Judge, upon review of the report of the referee, although not wholly satisfied, did not disturb the finding of the referee, as the latter had heard and seen the witnesses.

We have carefully read the evidence, and are of the opinion that the orders, in so far as they are complained of, should be affirmed.

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The evidence fairly sustains the position of the referee. There was a motion filed to dismiss the appeal upon the ground, among others, that the order appealed from was made January 6, 1916, and that no appeal was taken therefrom until May 26, 1916. If this was the true state of the record, the appeal should be dismissed, as not taken in time. An inspection of the record, however, has convinced that a rehearing of the order of January 6, 1916, was granted, and the matter was not finally disposed of until May 17, 1916. The granting of a rehearing operated to extend the time of the taking effect of the order of January 6th, and therefore we conclude that the appeal was taken in time.

The motion to dismiss is denied, and the orders appealed from affirmed.