### CAMERON v. NATIONAL SURETY CO. OF NEW YORK et al.

### In re CAMERON & CO.

(Circuit Court of Appeals, Eighth Circuit. April 11, 1921.)

No. 5729.

1. **Bankruptcy ☞461—Second order of adjudication held appealable.**
   Where an order of adjudication was set aside on motion, from which no appeal was taken, and a subsequent independent order of adjudication was made after further hearing, the time for taking an appeal *held* to run from the date of the second order.

2. **Bankruptcy ☞91(2)—Widow of partner held, under evidence, not subject to adjudication as member of firm.**
   Evidence *held* insufficient to show that the widow of a deceased partner became a member of a partnership with the surviving members of the firm and subject to adjudication in bankruptcy as such.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

In the matter of Cameron & Co., bankrupts. On appeal by Mary T. Cameron from the order of adjudication. On motion of the National Surety Company of New York and others to dismiss appeal. Modified and affirmed.

C. D. O'Brien, of St. Paul, Minn. (R. D. O'Brien, of St. Paul, Minn., on the brief), for appellant.

Pierce Butler, Jr., of St. Paul, Minn. (Butler, Mitchell & Doherty, of St. Paul, Minn., on the brief), for appellees.

Before CARLAND, Circuit Judge, and LEWIS and COTTERAL, District Judges.

CARLAND, Circuit Judge. Appeal from an order adjudging the appellant a member of the firm of Cameron & Co. and the firm and the members thereof bankrupts. Appellees have filed a motion to dismiss the appeal for want of jurisdiction. As to this question it is claimed that the order appealed from did not adjudge appellant a bankrupt individually, and that the Bankruptcy Act (Comp. St. §§ 9585–9656) does not provide for an appeal from an order simply adjudicating appellant a member of the firm of Cameron & Co. in a bankruptcy proceeding. We regard this as quite technical. The petition upon which the order was made contains the following prayer:

"Wherefore your petitioners pray that service of this petition with a subpœna may be made upon the said Mary T. Cameron, William A. Cameron, and Henry T. Cameron, individually and as copartners doing business under the firm name and style of Cameron & Co., as provided in the acts of Congress relating to bankruptcy, and that they as individuals and the firm of Cameron & Co. may be adjudged bankrupt within the purview of said acts."

The order itself reads as follows:

"Ordered, further, that the copartnership, Cameron & Co., being composed of Mary T. Cameron, William A. Cameron, and Henry T. Cameron, be adjudicated bankrupt in accordance with the prayer of said petitioning creditors."

[1] The order, when rightly construed, did adjudge appellant a bankrupt, and an appeal is allowed from such an order by the express terms of the statute. There was an order of adjudication made on the same petition May 17, 1920, but this order was set aside on June 1, 1920. The petition to vacate the order of May 17, 1920, was filed June 1, 1920. It is therefore claimed that, the petition to vacate not having been filed within the time allowed for an appeal from the first order, and the order appealed from being the same as the first order, the time for taking an appeal had expired when the present appeal was taken. We think that this contention is unsound, in view of the record before us. The order of June 1, 1920, provided that the order of May 17, 1920, "be and the same is hereby in all things set aside." The order of August 19, 1920, from which the appeal was taken, does not affirm the order of May 17, 1920, nor refer to it, but is an independent order made upon the pleadings and proofs; so we are of the opinion that on the record as it stands, the order appealed from was the only

order in existence and that the time for taking an appeal ran from its date. The appeal was allowed August 20, 1920.. The order vacating the first order was not appealed from and is conclusive on this appeal. We therefore have jurisdiction. Todd v. Alden, 245 Fed. 462, 157 C. C. A. 624.

[2] On the merits the question to be considered is, as to whether appellant was a member of the firm of Cameron & Co. If she was, the adjudication of bankruptcy must stand. Prior to March 1, 1917, Aaron P. Cameron and his two sons, Henry T. and William A. Cameron, were copartners as contractors and builders at St. Paul, Minn. Aaron died on the date last mentioned. Mary T. Cameron, his wife, was at this time about 77 years of age. After the father's death, the sons continued to carry on the business of contracting and building the same as before. No settlement of the partnership affairs was had. The surviving partners retained possession of all the partnership property and continued to use it in the business of the partnership. Mary T. Cameron and William A. and Henry T. Cameron testified that Mary T. Cameron had no interest in the partnership business, knew nothing about the same, and received no profits as such from the business of the firm. It appears that Aaron P. Cameron left his widow some life insurance. Outside of this, William A. Cameron, with whom Mary T. Cameron lived, furnished her board and occasionally a little money for church purposes; but, although it appears that whatever was furnished to Mary T. Cameron came from the business of Cameron & Co., it does not appear that it came to the widow pursuant to any interest she had in the business of Cameron & Co., but rather from the son in the performance of his duty to his mother.

In May and September following the date upon which Aaron T. Cameron died, the firm of Cameron & Co. entered into two contracts with the state of Minnesota, for the erection and completion of Assembly Hall, State Asylum for the Insane at Anoka, Minn., and the new west wing of the main building of the State Asylum for the Insane at Hastings, Minn. Cameron & Co. also executed two bonds for the purpose of securing the performance of these contracts. In these contracts and bonds it was stated that the firm of Cameron & Co. consisted of Mary T., William A., and H. T. Cameron. Mary T. Cameron signed the contracts and bonds. When asked about the execution of these contracts and bonds, she testified that her son, Henry, asked her to sign them and when she asked him what he wanted her to sign them for, he said that Mr. Thompson, who was in the employ of the agents of the National Surety Company at St. Paul, said "it was just a matter of form, because your husband is dead, for you to sign it." The contracts and bonds were prepared in the office of the State Board of Control. Mr. Downer Mullen, a witness called on behalf of the creditors of Cameron & Co., when asked if he recollected any of the circumstances which led to the execution of the contracts and bonds by Mary T. Cameron, testified as follows:

"My recollection is that at the time these contracts were awarded the question came up as to what had become of the interest of A. P. Cameron. I think it was the old gentleman who had died shortly before that and it

was stated to me by either W. A. or H. T. Cameron that his father's interest had reverted to his mother, and for that reason the name of Mary T. Cameron was inserted in the contracts."

Henry T. Cameron testified that he had never told Mullen that the interest of his father in the firm had reverted to his mother. Considering the age of Mary T. Cameron, and the undisputed evidence that she knew nothing about the business of Cameron & Co., had no part in it, and never received any profits or paid any losses as such, and in the absence of any evidence showing a contract between her and Henry T. and W. A. Cameron, either express or implied, of copartnership in the business of contracting and building, we think the execution by her of the bonds and contracts in the circumstances as they appear in the record, standing alone, is an insufficient support on which to base a finding that she was a member of the firm of Cameron & Co. It is quite elementary that—

"As against the heirs, devisees, and creditors of a deceased partner, the legal title to firm assets vests in the surviving partners, who are given the exclusive right to the possession and control of the partnership assets, for the purpose of paying the partnership debts and disposing of the effects of the concern for the benefit of themselves and the estate of the deceased. This ownership continues until the partnership affairs are settled, and a surviving partner in possession of partnership property has a right to hold it until the debts of the firm are paid, including any existing indebtedness due to himself." 20 R. C. L. § 232, p. 995.

The death of Aaron P. Cameron, of course, dissolved the partnership that existed between himself and his sons, but the evidence clearly shows that the sons retained possession of the partnership property and continued the business, and so far as the record is concerned there never has been any settlement of the partnership affairs. Under the law, therefore, it cannot be said that Mary T. Cameron had any interest in the partnership property, because the affairs of the partnership have never been settled, and, if it should be true that she had an interest in such property, it would not establish the fact that she was a partner and liable for the debts of the firm. 20 R. C. L. p. 806.

All we decide is that appellant has not been shown to be a general partner of Cameron & Co. The order appealed from should be modified, so as to eliminate the appellant therefrom, and, as thus modified, affirmed.