### In re FAHEY.

District Court, S. D. Texas, at Galveston.
May 18, 1928.

No. 1664.

1. Bankruptcy ⊂⇒91(1)—Creditors of insolvent partnership, to secure bankruptcy of alleged member, must prove him partner jointly controlling business and enjoying fruits.

To adjudicate a person bankrupt as member of an insolvent firm, creditors have burden of establishing not only that person charged held himself out as partner, but that he was in fact a partner, and adjudication of alleged partner's bankruptcy must be based upon finding that there was between the persons claimed as partners a condition of joint ownership and control in management of business and enjoyment of its fruits.

2. Bankruptcy ⊂⇒91(2)—Under evidence, one jointly managing bank and engaged in real estate business in which deposits were used held partner in insolvent bank.

In proceeding by creditors of insolvent partnership for the adjudication of bankruptcy of alleged partner in banking partnership, person charged, who devoted his efforts to building up bank's business and was partner in real estate business developed from use of funds of depositors, and who jointly managed bank and controlled its funds, participating in profits from use thereof, *held* partner, notwithstanding denial of partnership relation by him and his associate and fact that petitioners had burden of proof on such issue.

In Bankruptcy. Petition by creditors for an adjudication of the bankruptcy of David Fahey. Petition granted.

Elmo Johnson, of Galveston, Tex., for petitioning creditors.

Frank S. Anderson and Royston & Rayzor, all of Galveston, Tex., for bankrupt.

HUTCHESON, District Judge. In view of the fact that McCarthy & Co. failed with tremendous liabilities, and that a finding that Fahey was a partner in that concern would make him a bankrupt, I have been greatly concerned to avoid an erroneous disposition of this case.

With that in mind, I have considered with the utmost care the evidence presented, and the briefs submitted by the parties in support of their respective views. Such examination leaves in no doubt that Fahey did constantly hold himself out to numerous persons as a partner of McCarthy & Co., and, if such holding out would be a sufficient basis for an adjudication, I would have no difficulty in adjudicating him bankrupt.

[1] The law is, however, clearly settled otherwise, and upon those seeking to adjudicate bankrupt as a member of a firm a person so charged rests the burden of establishing, not only that he held himself out as, *but that he was in fact, a partner.* That this cannot be established by applying any rule of division of profits, either gross or net, or in fact, any particular rules, is well settled. Such adjudication must be based upon the finding that there was between the persons claimed as partners a condition of joint ownership and control in the management of the business and the enjoyment of its fruits.

[2] In this case, every collateral circumstance points to the existence of a secret partnership, and only the statements of the two principals, that they did not regard themselves as partners, stand in the way of a finding that they were. The moneys of the bank were used by these two without interest over a long period of years; the management of the bank was in the hands of the two; consultation was constant; access to its affairs and its actual place of business at any time was equally free to Fahey as to McCarthy. Fahey devoted his efforts to building up the business of the bank, and inducing persons with whom he did business, notably many of the negroes of Galveston, to deposit there. To many persons he stated that he and McCarthy owned the bank, and in practically no instance did McCarthy assert his will against that of Fahey.

In addition, the evidence establishes that the bank was started with no capital; that it never had any capital, unless the real estate which Fahey and McCarthy made out of the use of the funds of its depositors without paying interest thereon, is to be regarded as such; and that practically from its inception Fahey and McCarthy used the bank as an adjunct to the real estate business. Now Fahey and McCarthy admit that they were partners in the real estate business; they seek to put a limitation on the partnership, not at the door of the bank, not at the vaults of the bank, not at the management of the bank, not at the beneficial use of the bank's funds, but in the matter of the losses of the bank. This, in my opinion, they cannot do.

The evidence shows joint management of the bank, joint control of its funds, joint use of its moneys without interest, and joint participation in the profits from such use, joint recognition at the time of the threatened crisis when McCarthy ran for mayor, of their joint responsibility, and joint recognition again at the failure, Fahey pouring nearly $50,000 into the bank to save the run; and, in the face of all of these evidences, stand only the flat denial of Fahey, and the hypothetical denial of McCarthy that they were partners, McCarthy stating that Fahey stated to him time and time again, when he protested the use of the bank's funds without interest, that that made no difference, as they owned the bank anyway, but that he had never had a definite agreement with Fahey to be partners; that if joint management and control, and joint use of the bank for their joint profit makes a partnership, they were partners.

True there stands out in this case the positive affidavits of McCarthy as to the sole ownership of the bank, made before the failure, but these affidavits must be interpreted in the light of the legalistic view they had evidently decided to take of their relation, as shown in McCarthy's testimony that he did not think they were partners, but that he did not know what facts would in law make them such.

Upon the whole case I find the conclusion inescapable that Fahey was a partner. My reluctance to so find, due to the disastrous effect upon him of such finding, is greatly diminished by the fact that it was largely through his activities and their belief that he was a very rich man and stood back of the bank, that hundreds of poor people in Galveston intrusted their moneys to the custody of the bank, and have themselves sustained heavy losses from its failure.

I do not mean to say that I have in any sense balanced the consequences of the disaster to him and to the depositors in reaching my conclusion. I have, on the contrary, with full recognition of the burden of proof which lay upon the petitioners, and with a reluctant mind, because of the great consequences of disaster to Fahey which will follow the finding, been compelled by the facts to the inescapable finding that a condition of partnership has for many years existed, and did exist at the time of the failure of McCarthy & Co. between McCarthy and Fahey, and that, his insolvency if he was a partner being admitted, he must be adjudged bankrupt.