## BONNER v. POTTERF et al.

### No. 299.

Circuit Court of Appeals, Tenth Circuit.

March 12, 1931.

H. A. Ledbetter and Guy H. Sigler, both of Ardmore, Okl. (P. M. Jackson and H. E. Ledbetter, both of Ardmore, Okl., on the brief), for appellant.

J. B. Moore, of Ardmore, Okl., for appellees.

Before PHILLIPS and McDERMOTT, Circuit Judges and KENNEDY, District Judge.

KENNEDY, District Judge.

This case presents an appeal from the District Court of the Eastern District of Oklahoma, sitting in bankruptcy, from a final order adjudicating and denying a claim of the appellant for certain rents accruing from lands involved in said bankruptcy proceeding, by virtue of his holding mortgages upon said lands covering certain specified years.

At the hearing in this court, the appellees presented a motion to dismiss upon the ground that the appeal had not been prosecuted within the time fixed by the statute. An intelligent disposal of the motion to dismiss necessitates a brief review of the record for the purpose of presenting the question raised.

The claim of the appellant was first litigated before the referee in bankruptcy, who, in due course, rendered his decision and order denying the appellant's asserted right as above outlined. Thereupon the appellant petitioned for a review of the referee's order by the District Judge and an order made allowing such review. The matter was thereupon certified to the judge by the referee some time in July, 1926. On January 17, 1929, the trial judge made and entered the following order:

"Order Overruling Exceptions.

"As to the exceptions of Peoples Banking Company of Pleasant City, Ohio, and Farm-

ers and Merchants State Bank of Ranger, Texas, to the order of the referee, which are brought before me on review, same are overruled and the action of the referee confirmed. Exceptions saved.

"As to the exceptions of W. M. Bonner to the order of the referee, which are brought before me on review, same are overruled and the action of the referee confirmed. Exception saved. The question as to the rents for 1922 are not considered as that question is not presented and therefore waived. The only question being presented and urged being as to the rents for 1923 and 1924.

"As to the exceptions of Shawnee State Bank, et al., as to the action of the referee, which are brought before me on review, same are overruled and the action of the referee confirmed. Exceptions saved.

"R. L. Williams, Judge."

Thereafter the appellant filed a petition, the date of such filing not specifically appearing in the record, but the verification to said petition being of the 28th day of March, 1929, in which complaint was made of the referee's findings and order concerning appellant's claim, and requesting the court to make an order re-referring the matter to the referee or to some other referee or special master for the purpose of hearing the testimony of certain witnesses whose names are set forth in said petition, and that upon a final hearing the court enter its decree holding the appellant to be entitled to the rents claimed, and that it enter its final decree, so that, in the event the court holds against the contention of the appellant, he might appeal from said judgment to the Circuit Court of Appeals. On or about November 1st the trial judge made a memorandum which was incorporated in a notice to counsel, as follows:

"In the United States District Court, Eastern District of Oklahoma.

"In the matter of J. S. Mullen, Bankrupt. In Bankruptcy No. 3029.

"In Re: W. M. Bonner, on motion to re-open.
"Notice to Counsel.

"You and each of you are hereby notified of the entry in the above styled cause on this date the following memorandum opinion:

"'I find that the motion of W. M. Bonner to re-open this case should be overruled and an order to that effect will be entered at Muskogee, on November 6, 1929. The order of January 17, 1929, overruling exceptions will be re-entered on November 6, 1929, as to give Bonner opportunity to appeal test question as to whether it is final order, etc., and

seek a review on order of court overruling exceptions.

"'R. L. Williams, Judge.'

"Please take notice and be governed accordingly.

"Dated this 1st day of November, 1929.
"W. V. McClure, Clerk.
"By ——————, Deputy Clerk."

The record shows the following journal entry, as of November 6, 1929:

"Journal Entry.

"On this the 6th day of November, 1929, comes on for hearing the motion of application of W. M. Bonner to re-open and vacate the order made herein on the 17th day of January, 1929, overruling the exceptions made by the said W. M. Bonner, and confirming the action of the referee in bankruptcy. The trustee, Hal M. Cannon, appearing through his attorney, J. B. Moore, and the said W. M. Bonner appearing through his attorneys, Ledbetter & Ledbetter. The court after considering said motion of the said W. M. Bonner to re-open this case should be overruled.

"It is therefore ordered, adjudged and decreed by the court that the motion of W. M. Bonner to re-open this case be and the same is hereby overruled, to which action of the court the said W. M. Bonner, excepts.

"It is further ordered, adjudged and decreed by the court that the order formerly made by the judge herein, and filed by him with the clerk, on the 17th day of January, 1929, the same being as follows:

"In The United States District Court for the Eastern District of Oklahoma.

"In the Matter of J. S. Mullen, Bankrupt, No. 3028, Bankrupt.

"Order Overruling Exceptions.

"As to the exceptions of Peoples Banking Company of Pleasant City, Ohio, and Farmers and Merchants State Bank of Ranger, Texas, to the order of the referee, which are brought before me on review, the same are overruled and the action of the referee confirmed. Exceptions saved.

"As to the exceptions of W. M. Bonner to the order of the referee, which are brought before me on review, same are overruled and the action of the referee confirmed. Exceptions saved. The question as to the rents for 1922 are not considered as that question is not presented and therefore waived. The only question being presented and urged being as to the rents for 1923 and 1924.

"As to the exceptions of Shawnee State Bank, et al., as to the action of the referee,

which are brought before me on review, same are overruled and the action of the referee confirmed. Exceptions saved.

"R. L. Williams, Judge.

"Filed Jan. 17, 1929.

"Final order thereon is here made adjudging that the Peoples Banking Co. pay the costs incurred herein against them and the same as to W. M. Bonner and the same as to Shawnee State Bank, et al., and all parties saved exceptions.

"R. L. Williams, Judge.

"Filed Nov. 6, 1929. W. V. McClure, Clerk."

On the same date, to wit, November 6, 1929, the appeal was sued out, allowed, bond fixed, assignments of error filed and citation issued in regular form.

The question presented upon the motion to dismiss the appeal is, Was such appeal taken within the time fixed by statute?

11 USCA § 48(a), Original Bankruptcy Act, § 25a, fixes the time for appeal in cases of this character, and, as amended, reads as follows:

"Appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the circuit courts of appeal of the United States and the Court of Appeals of the District of Columbia and to the supreme courts of the Territories in the following cases, to wit: (1) From a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) From a judgment granting or denying a discharge; and (3) From a judgment allowing or rejecting a debt or claim of $500 or over. Such appeal shall be taken within thirty days after the judgment appealed from has been rendered, and may be heard and determined by the appellate court in term or vacation, as the case may be."

■ The claim of appellant in controversy, being over the sum of $500, in our opinion comes within the provisions of subdivision 3 of the above-quoted statute because the judgment of its adjudication was one rejecting a debt or claim. Such view is sustained by the language of Judge Booth in Foster v. McMasters (C. C. A. 8) 15 F.(2d) 751, found at page 755:

"In the case at bar the matter for consideration and determination in the trial court was the amount of the claim on account of taxes assessed on the lands of the bankrupt, and incidentally the validity of the asserted liens. The questions involved were between the bankrupt and his creditors—presented in the ordinary course of the administration of the bankrupt's estate. Applying the principles of the cases above cited to the facts disclosed, we conclude: (1) That the matter before the trial court and in which the order appealed from was made, was a 'proceeding in bankruptcy,' as distinguished from a 'controversy arising in bankruptcy proceedings'; (2) that the present appeal was governed by the provisions of section 25a of the Bankruptcy Act, the case being one within the third class mentioned in that section; (3) that the appeal was not taken within the time limited; (4) that the motion to dismiss the appeal should be granted."

■ The question then presented is whether or not the order of the trial court made on January 17, 1929, was a final adjudication, so that the appellant here should have effected his appeal from such order within thirty days of such date, or whether the action of the trial court in making a re-entry of said order at a later date, and more than thirty days after the first order, was permissible or effective in enlarging the time for such appeal.

It will be observed that the petition filed by the appellant in March, 1929, seeking additional relief by having the matter re-referred to the referee, came more than thirty days after the date of the original order finally adjudicating the claim under the petition for review. This petition is in the record designated as a petition to reopen or, if it be considered as a petition for a rehearing, the effect of such petition and its status as a legal document is substantially the same. If it be considered in the nature of a petition for a rehearing, it would seem that, because of having been filed after the expiration of the thirty days allowed for appeal, it came too late. Conboy v. First National Bank, 203 U. S. 141, 27 S. Ct. 50, 51 L. Ed. 128. However, several courts have held that a court may, even after the expiration of the time within which to appeal, in the exercise of its sound discretion, grant a rehearing. In West v. W. A. McLaughlin & Co.'s Trustee, 162 F. 124, on page 125 (C. C. A. 6), the court in its opinion, after a discussion of the statute here under consideration, uses the following language:

"One purpose which runs through the act is to require the prompt and expeditious winding up of estates, and the provision just copied was intended to promote that end. Notwithstanding some judicial expressions which possibly favor it, we cannot accept as accurate or sustainable the contention that

it would not be an abuse of the discretion of the court to set aside an order disallowing a claim for the sole purpose of extending the time for taking an appeal. We conceive that such a course would practically nullify the wise provision of the statute, and go beyond the bounds of a proper discretion; but we do not doubt that an order disallowing a claim, as well as other orders, is within the control of the court making it, and that the court may, in the exercise of a sound judicial discretion, set it aside, even after the expiration of 10 days. This court, in the case of In re Ives, 113 F. 911, 51 C. C. A. 541, so decided upon a kindred proposition and fully stated the reasons for the rule. The record shows that it was not a mere purpose to evade section 25a that induced the court below to set aside its order in this instance, but that it was done in order to have further investigation, and the learned judge of the District Court not only re-examined the questions involved, but more elaborately stated his views thereon. The fact that he again arrived at the same conclusion did not neutralize his power to grant the rehearing, though some concession to the supposed hardship of the case may have had weight with him. Having reached the conclusion that there was no abuse of the court's discretion in granting the rehearing, the motion to dismiss the appeal will be denied."

In Simpson v. Macomber, 264 F. 913, on page 916 (C. C. A. 9), in regard to the same section, the following language is found:

"Section 25a gives the right of appeal (subdivision 3) from a judgment allowing or rejecting a debt or claim of $500 or over. The time for prosecuting such appeal is limited to 10 days after the rendition of the judgment appealed from. The question is presented here whether the appeal has been taken within the 10-day limitation. The primary order was made and entered on September 30, 1919. The appellant, having by oversight let the time go by, moved for a rehearing apparently for the only purpose of procuring the entry of the judgment as of a later date, so that the appeal could be taken in compliance with the statute. This latter order and judgment were entered November 24, 1919. The appeal was taken within 10 days from that date. The obvious purpose of the later order and judgment was to revive the right of the trustee to appeal. The entry itself indicates as much. An order so made is wholly ineffectual to revive such right. In re Berkebile (D. C.) 144 F. 574; In re Goldberg, 167 F. 808, 93 C. C. A. 203. In the case at bar, not only was the appeal filed long after the 10 days had expired after the entry of the original order, but even the motion for rehearing was filed after the expiration of the time."

In Re Hudson Clothing Co., 140 F. 49 (D. C. Me.), Judge Hale adopts substantially the same view in distinguishing the case of In re Wright (D. C.) 96 F. 820, which would appear to hold to the contrary, by pointing out that the facts in the latter case might require the exercise of exceptional discretionary power by the court.

With this background of the decisions, as their reasoning may be applied to the case at bar, we are of the opinion that the motion to dismiss must be sustained.

The picture presented by the record in this case is that the appellant took no action in regard to petitioning for reopening or rehearing in regard to his adjudicated and denied claim until some time after the thirty-day period to appeal had expired. Nothing appears in the record which would seem to justify this delay, nor is any attempt made to explain it. Further, it conclusively appears by the record that the trial judge, by a filed memorandum, merely attempted to enter the original order for the purpose of allowing the appellant to perfect an appeal, and that, on the date when the new order was entered, the original order was incorporated as a part of the order then made. Nor does it appear that the trial judge on November 6, 1929, reconsidered in any way his former action represented by the order of January 17, 1929, and the only provision made in that order and not found in the original order was a brief recitation in regard to costs. It is therefore apparent that this action of the court was simply a re-entry of the original order for the sole purpose of saving the rights of the appellant in regard to appeal which, under such circumstances, is a matter beyond the sound discretion of the court, and amounts to an ineffective gesture to revive the right to appeal.

Appeal dismissed.