## In re KREFT et al.
### No. 11163.

District Court, E. D. Missouri, E. D.
Dec. 19, 1946.

Fred S. Hall, of St. Louis, Mo., for creditors.

Max Sigoloff, of St. Louis, Mo., for defendant.

Royal L. Coburn, of St. Louis, Mo., for intervenors.

HULEN, District Judge.

The only issue presented by pleadings and record in this case is whether or not Richard G. Dame, Evan Jesse Chambers, and Jack Paisley shall, with Ewald Kreft, be adjudged bankrupts, as a partnership doing business as Wizard Machine Tool & Die Company. Ewald Kreft's adjudication is not questioned. Are Dame, Chambers and Paisley partners with Kreft? That presents the issue. Intervening petitioners, claiming partnership, have the burden of showing that the parties charged stood in the relationship of partners to one another in the conduct of the business and there was in fact a partnership. Baker v. Bates Street Shirt Co., 1 Cir., 6 F.2d 854, 6 Am.Bankr.Rep.,N.S., 547. Accord: In re Fahey, D.C., Tex., 26 F.2d 382, 12 Am. B.R.,N.S., 195, affirmed Fahey v. Sapio, 5 Cir., 30 F.2d 330, 13 Am.B.R.,N.S., 444.

Reference to State decisions on partnership and evidence necessary to show partnership show general rules on the subject fairly uniform, but each case must in great measure be governed by the facts and circumstances, surrounding it. In this case intervening petitioners rely principally upon three written memoranda to sustain their charge of partnership.[1]

Each of the memoranda is entirely different in its language. One bears the name

---

[1]         "St. Louis, Mo.
                Feb. 13, 1946

        Tentative Agreement
In consideration of loan of two thousand dollars ($2000.00) I, Ewald W.

Kreft, owner of the Wizard Machine Tool and Die Manufacturing Company of 933 Baden, St. Louis, Mo., do hereby give one tenth interest in the Wizard Machine Tool and Die Manufacturing Company and one tenth interest of all

of Dame, one Paisley, and one Chambers. Each is signed by Kreft. Each memorandum provides for a receipt by the alleged partners (excluding Kreft) of a percentage of the "net earnings" of the Wizard Machine Tool and Die Company. The Dame memorandum refers to giving Dame one-tenth interest in the business. The Paisley memorandum refers to "invested" money in the business. The Chambers memorandum refers to "stock" taken in the business. The provision for receipt of profits from the business and an interest "in the business" either as "stock" or "invested" money or gift, specifically form the basis of interveners' claim of partnership.

Receipt of part of profits of a business does not make a lender a partner. Partnership, to form the basis of an involuntary adjudication in bankruptcy, must exist in fact. The underlying question is one of intention on the part of the alleged partners and this fact should be determined from all the circumstances in evidence. See Mackie v. Mott, 146 Mo. 230, 47 S.W. 897, loc. cit. 903; Fidelity Nat. Bank & Trust Co. of Kansas City v. Kinsfather, et al., 226 Mo.App. 462, 46 S.W.2d 238, loc. cit. 240; see Darling, et al. v. Buddy, et al., 318 Mo. 784, 1 S.W.2d 163, at page 167, 58 A.L.R. 493, where the Court said: "It was not sufficient to create a partnership inter sese that the parties were to share profits in a given enterprise or transaction, but they must also have agreed that they intended to share the losses and become partners; that the mere participation in the profits without intention to become partners and share losses will not make them partners as between themselves." See also Hughes v. Ewing, et al., 162 Mo. 261, 62 S.W. 465, loc. cit. 470; Hazell v. Clark, 89 Mo.App. 78, loc. cit. 83; Priest v. Chouteau, 85 Mo. 398, loc. cit. 405, 55 Am.Rep. 373; McDonald v. Matney, 82 Mo. 358, loc. cit. 365; Securi-

---

profit of the same company to Richard G. Dame.

Interest is to be paid at the rate of 3% every three months.

This loan is to be secured by a chattel mortgage on equipment valued at $2000.00 and filed at the Recorder of Deeds Office, City of St. Louis.

Signed
Ewald W. Kreft

Signed
Richard G. Dame

Signed
Frank S. Dame
Witness

Feb. 27, 1946

Received another $1000.00 on the same plan as above.

—————————————".

"7 March 1946

To Whom It May Concern:

This is to Certify that Jack P. Paisley has this Date Invested Two Thousand Dollars ($2000.00) in the Wizard Machine Tool and Die Company under the Following Agreement:

(1) Four Percent (4) of Net Profits to be Paid Every Three (3) Months.

(2) Ninety (90) Day Notice to be Given by Either Party in Case Money is to be Withdrawn.

Ewald W. Kreft

(Signed)
Jack P. Paisley."

"Agreement

I, E. J. Chambers, known hereinafter, as party of the first part, desire to take stock, in the Wizard Machine Tool and Die Company, owned by Ewald W. Kreft, known hereinafter, as party of the second part. Wizard Machine Tool and Die Company, located at 933 Baden Avenue, St. Louis, Missouri.

The amount of stock taken by the party of the first part, to be, in the amount of Five Thousand Dollars ($5000.00), The party of the second part agree to pay ten percent of all net earnings for a period of five years.

At any time party of the first part should desire to withdraw the Five Thousand Dollars, he may do so, by giving the party of the second part three month notice.

In the event, anything should happen to Mr. E. J. Chambers, or as in this instrument known, party of the first part, the party of the second part will see that such stocks as have been taken by the party of the first part, will revert to his wife, Mrs. Lula Chambers or heirs.

As witnessed this 18th day of March 1946.

(Signed)
E. J. Chambers

Witness:
(Signed)
Alice Clarke

(Signed)
Ewald W. Kreft, owner

(Signed)
Alice Clarke

Wizard Machine Tool and Die Company."

ties and Exchange Commission v. Wickham, D.C., 12 F.Supp. 245, loc. cit. 248; Meehan v. Valentine, 145 U.S. 611, 12 S.Ct. 972, 36 L.Ed. 835; Berthold v. Goldsmith, 24 How. 536, 65 U.S. 536, 16 L.Ed. 762.

■ The facts in the present case, aside from the written memoranda, evidence a total failure of proof of partnership. On the contrary the evidence shows that there was no partnership. There was no holding out (by the parties named) as partners; no claim of partnership was ever made prior to the filing of the present intervening petition; no creditor extended credit on the basis of partnership; neither of the parties charged as partners had any relation with the remainder of the alleged partners, as such; neither of the alleged partners took part in the operation of the business, two of them worked in the shop at a salary like other workers. Subsequent to the execution of the Dame memorandum Kreft made a statement to Dunn and Bradstreet's that he was the sole owner of the business and also registered a fictitious name of the company after execution of the Dame memorandum and made an affidavit that he was sole owner of the business.

The memoranda are interesting in themselves. The Dame memorandum is entitled "Tentative Agreement". For an advancement of $2,000 Dame was to receive 10% of the profits; for an advancement of $2,000 Paisley was to receive 4% of the profits; for an advancement of $5,000 Chambers was to receive 10% of the profits. Such agreements indicate the parties to them were ignorant of the agreements by Kreft with the other alleged partners since it is to be assumed that Chambers would object to Dame getting 10% of the profits when the Dame "loan" was $2,000 and was to be repaid and Chambers put up $5,000. Chambers was to receive his money back on three months' notice. The Dame memorandum does not state when the "loan" of $2,000 was to be repaid. Paisley was to receive the amount "invested" back on ninety days' notice. These memoranda are crude and evidence a lack of knowledge of the exact relation being created. Since partnership has its basis in agreement—express or implied—

of the alleged partners, it seems fundamental that persons charged to be partners should have some knowledge of the relation of each to the enterprise. Also there should be some evidence of consent for the entrance of strangers to the partnership. In the present case Dame signed the memorandum February 13, 1946. Paisley signed March 7 and Chambers on March 18th following. There is no evidence either of the three persons last named was consulted as to the agreement with the other or had any knowledge of it. On the contrary there is evidence they did not know of the transaction with the other. The agreement with Chambers refers to Kreft as owner of the business and makes no reference to Dame or Paisley who had previously signed agreements.

The evidence offered was meager and of an unsatisfactory nature it fails to convince this Court that a partnership was the intention of the parties and since the facts upon which an estoppel could be based are admittedly not present, the intention of the parties must be given great weight.

We find a number of cases of petitions seeking involuntary adjudication in bankruptcy on the basis of partnership, where the existence of partnership was contested and partnership was held not to exist. In some of these cases we find facts stronger than those in the present case.

In the following cases the evidence was held insufficient to establish partnership: Cameron v. National Surety Co. of New York, 8 Cir., 272 F. 874; In re Ponzi, D.C. D.Mass., 268 F. 997; Jones v. Burnham, Williams & Co., 3 Cir., 138 F. 986; In re McLaren, D.C.N.D.N.Y., 125 F. 835; Lott v. Young, 9 Cir., 109 F. 798.

Cases holding that a partnership existed where the issue was tried on an involuntary petition in bankruptcy are also to be found.

In the following cases the evidence was held sufficient to establish partnership: Rush v. Lake, 9 Cir., 122 F. 561; Buckingham v. First Nat. Bank, 6 Cir., 131 F. 192; In re Beckwith & Co., D.C.M.D.Pa., 130 F. 475; In re Hudson Clothing Co., D.C., D.Me., 148 F. 305; Fahey v. Sapio, 5 Cir., 30 F.2d 330.

A reading of the above cases will reveal no decision where the facts are like those in the present case. In some of the cases facts similar to some of those in the case at bar are to be found together with additional facts, all of which were determinative of the case. This only tends to emphasize what we said at the beginning of this memorandum, that each case must be determined according to its own particular set of circumstances.

Intervening petitioners have failed to sustain their burden of proof that Dame, Chambers and Paisley were partners of Kreft and judgment will go accordingly.